HENRY W. STEINMAN v. ANTHONY C. STEINMAN ET AL.

1. PROVISION IN WILL THAT TESTATOR'S ESTATE SHALL NOT BE PARTITIONED UNTIL TWO YEARS AFTER DEATH OF LIFE TENANT IS VALID.

A provision in a will that testator's estate shall be kept intact for two years after the death of his wife, to whom a life estate therein was devised, is valid, and will operate to prohibit a partition of the property until the expiration of that time; and a suit therefor brought before the two years have elapsed is premature and cannot be maintained.

2. EQUITY HAVING ACQUIRED JURISDICTION IN SUCH CASE TO GRANT CERTAIN OTHER RELIEF WILL RETAIN ACTION AND GRANT PARTITION AFTER TIME HAS ELAPSED.

Under these circumstances, an action praying for partition at the earliest possible time, and also for an accounting and other equitable relief is maintainable in a court of equity for such other purposes; and the court, having thus acquired jurisdiction, will retain the action for the purpose of affording complete relief, and decree partition after the expiration of the time limitation of the will.

APPEAL from Hamilton common pleas court.

**C. J. Hunt** and **O. W. Bennett,** for appellants.

**Tugman & Baker,** for appellees:

On the question of partition. *Rammelsberg* v. *Mitchell,* 29 Ohio St. 22, 58; *Perry* v. *Richardson,* 27 Ohio St. 110; *Hogg* v. *Beerman,* 41 Ohio St. 81 [52 Am. Rep. 71]; *Fryman* v. *Fryman,* 6 Circ. Dec. 377 (9 R. 91); 4 Kent's Commentaries *126, *129; *Spaulding* v. *Woodward,* 53 N. H. 573 [16 Am. Rep. 392]; Van Zile, Eq. Pl. & Pr. Sec. 412; *Gage* v. *Reid,* 104 Ill. 509; *Hillens* v. *Brinsfield,* 108 Ala. 605 [18 So. Rep. 604]; Freeman, Co-ten. & Par. Sec. 449; *Scott* v. *Guernsey,* 60 Barb. 163; *Hosford* v. *Mervin,* 5 Barb. 51; *Rozier* v. *Griffith,* 31 Mo. 171; *Dameron* v. *Jameson,* 71 Mo. 97; *Barnard* v. *Pope,* 14 Mass. (13 Tyng) 434, 436 [7 Am. Dec. 225]; *King* v. *Longworth,* 7 Ohio (pt. 2) 231; *Olcott* v. *Bynum,* 84 U. S. (17 Wall.) 44; *Gordon* v. *Steinmetz,* 71 Ohio St. 372; *Anderson* v. *Cary,* 36 Ohio St. 506 [38 Am. Rep. 602; Washburn, Real Prop. (6 ed.) Sec. 143.

## SWING, J.

This was an action for an account of rents and profits and other equitable relief, including partition of certain real estate. The petition was filed May 20, 1903. The real estate in question formerly belonged to Louis E. Steinman, who died in 1896 testate. By his will, said Steinman devised said real estate to his wife for life with remainder to his children. The widow of said Steinman died July 22, 1902.

Steinman v. Steinman.

The ninth clause of the will is as follows:

"It is my desire that my estate be kept intact and undivided for a period of two years from and after the death of my said wife, or in the event that she do not survive me, then for a period of two years from the date of my decease; I do not intend, however, that this desire shall operate to prevent any sale or other disposition of any part of my estate which all my children should deem advantageous or desirable during the period of two years above specified, but simply advise that no haste be exercised in the closing up of the estate, leaving the ultimate division of the same until the termination of the period of two years aforesaid. During said period of two years I hereby direct, authorize and empower my two sons, Anton Gottlieb and Edward Frederick to collect and receive all rents and other income from my estate, accounting therefor in a proper manner to the parties legally entitled thereto.

Plaintiff alleged in his petition that he is entitled to the one-fifth part of the real estate left by his father and that the defendants, his two brothers and two sisters, are each entitled to the one-fifth part thereof. He further alleged that none of the defendants object to a partition of the property before the expiration of the two years mentioned in said item nine of said will. This allegation of the petition, however, was denied by Amelia M. Wicker, one of the children of said Louis E. Steinman, and one of the defendants in the action. So that the question was directly raised by this answer as to the right of the plaintiff to file a petition asking for partition before the expiration of the two years from the death of the widow, Marie C. Steinman.

We are of the opinion that this provision of the will is valid, and that it prohibited a partition of the real estate left by testator until two years after the decease of his widow, Marie C. Steinman; and following the case of *Hill* v. *Jones,* 65 Ala. 214, we are inclined to the opinion that any suit brought to partition the real estate before the expiration of said two years could not be maintained, for the reason that the same was prematurely brought, and that plaintiff had no subsisting cause of action.

But the petition of the plaintiff in this case was something more then a suit for partition. It was a suit for an accounting and other equitable relief, and also for a partition at the earliest possible time. It is true that in the decree in the court of common pleas only a decree for partition was entered, but all other matters were retained for the further decree of the court.

We see no reason to question the right of the plaintiff to maintain his action for an accounting and the other equitable relief asked, nor

do we see any reason to question the right of the court to grant the equitable relief asked by the executors in said action upon the answer and cross petition filed by them. Therefore the action of plaintiff was properly brought, and applying the principle that when a court of equity once gets jurisdiction of a subject-matter it will afford complete relief, we are of the opinion that the court of common pleas had the right in this action, after the expiration of two years, to order a decree of partition.

This doctrine of equity is thus stated by Van Zile, Eq. Pl. & Pr. 630:

"But where a court of equity has obtained jurisdiction of the cause upon some clear, equitable ground of jurisdiction, it will retain the cause irrespective of the question of ouster or adverse possession, and do complete justice, though it may involve partitioning the property. This is but following out the theory that obtains in every equity cause; a court having once obtained jurisdiction will retain it until the whole controversy at issue between the parties is settled."

In Freeman, Cotenancy & Partition 598, it is said:

"Hence, when a suit is rightfully in equity, and from the adjudication there made it appears that the parties are co-owners and entitled to partition, a decree for such partition may be made irrespective of the question whether the plaintiff is seized or disseized. Thus, where the defendants were in possession claiming under a will, and the complainants filed a bill to have the will construed, and for an accounting and partition, the court held that having acquired jurisdiction for the purpose of construing the will, it had authority to do complete justice between the parties by compelling an accounting and partition."

And further says:

"When the questions are such as belong to a court of equity, there can be no reason for suspending the proceedings short of complete justice between the parties."

The same author, on page 599, in discussing "partition" adds this general remark:

"In truth, the limitations attending proceedings in partition are constantly weakening, and the tendency to do full and complete justice to the parties in one action is becoming irresistible."

In the case of *Scott* v. *Guernsey*, 60 Barb. 163, 178 the court say:

"There can be no doubt that the accounting ordered between these tenants in common was proper in this case. This is not the statutory proceeding for partition, but a suit in equity; and therefore, as the court has jurisdiction of the subject-matter and the parties in interest,

Steinman v. Steinman.

it is in accordance with a well-established rule, that it should do complete justice between the parties, by disposing of all questions between them in relation to the land and its use. In the language of Judge Story, 'the jurisdiction having once rightfully attached, it shall be made effectual for the purpose of complete relief.' * * * Besides, this action is brought for a partition and account, and in such case the latter will be decreed."

To the same effect is the language of the court in *Hosford* v. *Mervin,* 5 Barb. 51, 52, where it is said:

"A court of equity will not entertain a bill for partition when the legal title is disputed or doubtful; because a court of law is the proper tribunal to determine such questions. But when the questions are such as belong to a court of equity, it will not suspend the proceedings without doing complete justice between the parties."

Partition will be decreed.

**Jelke** and **Giffen, JJ.,** concur.