# WILLIAM G. GISCHELL

## *vs.*

# FRANK H. BALLMAN AND WIFE.

*Wills: restraints on alienation of property.*

A testator devised one-third of his farm to his son Frank, with the provision that "in case Frank should not marry and die" before the testator's son Henry, then the said Henry to inherit one-half of Frank's said property: *Held,* that it was only in case the son Frank shall die unmarried before Henry that the latter was to inherit part of the estate.     pp. 263-4

Restraints on the alienation of property are not favored, and are generally held to be contrary to public policy.     p. 264

Where land is devised in fee, subsequent conditions restraining alienation are void.     p. 264

*Decided June 28th, 1917.*

Appeal from the Circuit Court for Anne Arundel County. In Equity. (BRASHEARS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Charles W. Buck,* for the appellant.

*Charles F. Stein,* for the appellees.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a decree for specific performance, requiring the defendant (appellant) to pay to the plaintiffs (appellees) the purchase money for a tract of land in Anne Arundel County, which he agreed to purchase from them, and directing the plaintiffs to convey said land to the defendant upon his payment of the purchase money, or bringing it into Court. The appellant states in his answer that he is anxious and willing to complete the purchase, and to pay the purchase money, and that he will do so in accordance with his contract, if by a true construction of the devise to Frank Harman Ballman in the will of Henry Ballman the former became and is seized of the entire and absolute fee simple estate in the lands purchased.

Henry Ballman, the father of Frank H. Ballman, died on or about the 31st day of October, 1884, seized of a tract of land containing about 50 acres, of which that in controversy in this case is a part. By his last will and testament he devised to his daughter, Laura Caroline Ballman, one-third part of his home tract of land, where he then resided, and to his son Christian Frederick Ballman the north third of the home farm, and made the following provision for his son Frank Harman Ballman, one of the appellees:

> "Item—I will and bequeath to my youngest son, Frank Harman, the south third of my home tract, containing sixteen and three-quarters acres of land, more or less, with the old dwelling house and the large barn and such buildings as shall fall to his third of said tract, with the well of water and pump, but I will and direct that the heirs to the several parts of my home farm shall have equal right to use the well or pump aforesaid, provided they bear equal part of the repairs to said pump and well. And further that each of said heirs shall have free right of way to and from said farm, or their parts thereof, without let or hindrance. To the said Frank, his heirs and assigns. And whereas the said Frank is not so well able to provide for and take care of himself, I direct that Henry Fred-

erick shall look after his interest, advise and direct
Frank as best he can, and in case Frank shall not
marry and die before the said Henry, then the said
Henry shall have and inherit one-half of Frank's part
of said property; and I also direct that in case Frank
shall die as aforesaid, that Henry shall have him de-
cently buried and properly attend to him in all his
sickness in consideration of the aforesaid interest."

The answer admits that after the death of the testator, and
under the provisions of the will, Frank H. Ballman entered
into possession of the part of the tract of land devised to him,
claiming to be seized of the entire fee simple estate therein,
and that he has ever since remained in possession thereof,
always claiming to be so seized of the entire fee simple estate,
but the appellant contends that by the true construction of
the will he did not become seized of the entire fee simple
estate, and at best only became seized of a defeasible estate
in fee therein, to be divested upon his marriage or death
before the death of his brother Henry, and that although he
is married and alive he is not seized of the entire fee simple
estate and can not convey such estate to the appellant, as was
contracted to be sold him.

The appellant makes no objection to the provisions for the
use of the well or pump, or the right of way provided for in
the will. It is not easy to find such difficulty about the title
as justified an appeal to this Court. The will was evidently
not drawn by one skilled in such work, but it is sufficiently
clear to show the intention of the testator. After saying that
he wills and bequeaths to his son Frank Harman the south
third of his home tract, and giving the heirs the right to the
use of the well or pump and the right of way, the testator
apparently desired to emphasize the fact that he intended his
son Frank to have the property in fee simple, as he added
in a separate sentence, "to the said Frank, his heirs and as-
signs." He had in previous items left a third of his home
tract to his daughter, Laura Caroline, and the north third of

that farm to his son Christian Frederick, and in both of those items used the same language, except he added the word "forever" in his gift to Charles Frederick.

The part of the item leaving the property to Frank, in which he directs that Henry Frederick shall look after his interest, advise and direct him as best he can, certainly did not create a trust. It was just an expression of the father of the interest he had in the welfare of his younger son, calling upon Henry to watch over him.

Then when the will says "and in case Frank shall not marry and die before the said Henry, then the said Henry shall have and inherit one-half of Frank's part of said property," etc., it is clear that Henry was only to have the one-half, if Frank did not marry and died before him. As it is admitted that Frank has married and is still living, clearly Henry has no interest in the property by reason of that provision. The testator did not simply say "in case Frank *dies* before Henry," but, "in case Frank shall not *marry* and *die* before the said Henry." He knew that if he married he might leave a child or children, or a widow, or both, surviving him, and he indicated no intention to leave the one-half to Henry in that event, or in any event, unless Frank *did not marry* and predeceased Henry. The concluding clause of the item—"and I also direct that in case Frank shall die *as aforesaid*"—could have no effect unless he did not marry and did die before Henry. It seems to us that that item is too clear for controversy.

The next item in the will is as follows:

> "Item—I will and direct that all the land and property hereby by me bequeathed shall not be sold on any account, but that the aforesaid heirs may rent or lease their said parts of said land, but shall not sell during their natural lives."

Inasmuch as by the will the testator had already given Frank a fee simple interest in the property he left to him, that item can not have the effect of reducing his interest to

a mere life estate. Such a construction would be wholly con-
trary to the provision as to Henry taking under the previous
item the property left to Frank, for if Frank only had a life
estate how could Henry "have and inherit one-half of Frank's
part of said property"? But such restraints on alienation
are not favored and are very generally held to be contrary to
public policy. In many cases in this Court the subject has
been dealt with. Amongst them are *Smith* v. *Clark,* 10 Md.
186; *Warner* v. *Rice,* 66 Md. 436; *Stansbury* v. *Hubner,* 73
Md. 228; *Trinity M. E. Church* v. *Baker,* 91 Md. 539, 574;
*Blackshere* v. *Samuel Ready School,* 94 Md. 773; *Clark* v.
*Clark,* 99 Md. 356, and *Doan* v. *Ascension Parish,* 103 Md.
662. See also *Manierre* v. *Welling,* 32 R. I. 104, reported
in (24) Ann. Cas. 1912, C. 1311, where there is a note on
page 1329 citing many authorities, and *Queensborough Land
Co.* v. *Cazeaux,* 136 La. 724, reported in Ann. Cas. 1916, D.
1248, and note on page 1254.

It is clear that this item is such an attempted restraint on
the alienation of the property left Frank in fee simple (as
we hold it was left) as to be void and of no effect. We are
only concerned with Frank's interest and therefore say noth-
ing as to the others, but our silence must not be construed as
intimating a doubt on the subject as to those interests, as we
neither express nor intimate any opinion.

The decree will be affirmed, but we will direct that each
side pay one-half of the costs in this Court, and that the
appellant pay the costs below, as directed by the decree of the
lower Court.

> *Decree affirmed, each party to pay one-half of
> the costs in this Court, and the appellant
> to pay the costs below.*