This is a bill for specific performance. The title of complainant depends upon the following: John Faster died seized of the premises, March 22d, 1893, leaving a will, the only clause of which affecting the property in question reads as follows:
"Second, I give and bequeath to my daughter Mary Bohrer the house and lot number ninety six Baldwin Street in the City of Newark and I further order that the said Mary Bohrer shall not sell the said house untill her jungest child shall become of age."
Mary A. Bohrer and Philip Bohrer on August 26th, 1889, mortgaged the premises in question to Gottfried Krueger. This mortgage was foreclosed and deed given by Herman Lehlbach, sheriff of Essex county, to Gottfried Krueger dated September *Page 259 
12th, 1896. Gottfried Krueger conveyed the property to Mary A. Bohrer April 27th, 1899. On the same day a mortgage' was made by Mary A. Bohrer to Mary Alice Eggers to secure the sum of $1,500. Assignment of the last-mentioned mortgage was made to Gottfried Krueger June 26th, 1903. The mortgage was foreclosed and a deed given by the sheriff of Essex county May 4th, 1912, conveying the premises to Gottfried Krueger. On May 5th, 1915, the agreement of sale now sought to be specifically enforced was made. The children of Mary Bohrer born prior to the death of the testator, John Faster, are, of course, of full age, but there have been children subsequently born, the last November 9th, 1900.
1. The paragraph of the will, under the statute, passes an estate in fee-simple unless the will discloses an intent to convey only an estate for life or contains a devise over upon the death of the first taker.Feit v. Richards, 64 N. J. Eq. 16. This will contains no expression from which it can be inferred that the testator intended that anything less than a fee-simple should be conveyed nor is there a devise over.
2. I have concluded that the attempted restraint on the alienation of this fee pending the time the youngest child of Mary Bohrer shall become of age is void as a mere nugatory direction undertaking to impose a limitation upon the absolute ownership of property which is repugnant to a devise in fee. The exact question has been determined by the supreme court of the United States in Potter v. Couch, 141 U. S. 297 (at p. 315), and by the supreme court of Wisconsin in Zillmer v.Landguth, 69 N. W. Rep. 568. The attempted restraint is not imposed for the benefit of any particular person. There is no forfeiture if it be ignored. No one is given a right in the property except Mary Bohrer.
3. Notwithstanding that the defendants admit that the prevailing rule is as I have above indicated, they insist that there is dictum in this state which brings this case within that class in which the court will not decree specific performance, relying upon Feit v. Richards,supra, and Waln v. Waln, 84 N. J. Eq. 293. The chancellor inFeit v. Richards (at p. 20), although declining to decide the question, did say that Sir G. Jessel, *Page 260 
master of the rolls, made it clear that upon reason and authority, "a restraint limited to a reasonable period of time would not be void. If it were necessary to decide the question thus suggested, I should be inclined to the conclusion that the intended restraint on alienation in this case is not an absolute restraint, but one limited to a period of time, viz., the life of the longest liver of complainant's sisters and that during that period, the complainant is restrained from selling without the consent of the sisters then surviving."
But the chancellor went further and held that "At the most the sale would be ineffective to pass complainant's title without the consent required. Whether it would do so or not would be a question between complainant and his grantee. Neither his sisters nor the representatives of any of them would have any right to contest such a sale."
Mary Bohrer has been made a party to this cause. She has filled a disclaimer, and is bound by the decree of this court. It was proper that she should be brought in. Day v. Devitt, 81 Atl. Rep. 368. So that if, as the chancellor holds in Feit v. Richards, the question is one solely between the grantor and grantee, the proper parties are before this court to warrant a final determination of the question at issue. Vice-Chancellor Stevenson in Waln v. Waln, supra, was of the opinion that a restraint to a certain extent similar to that contained in the will under discussion was void. No case in this state in which the point has been directly decided has been brought to my attention. I think that the decisions of the supreme court of the United States and of the supreme court of Wisconsin, above referred to, are based upon reason and logic and should be followed.
4. Having found as I do that the restraint is void, I refrain from expressing any opinion as to whether the mortgaging of the property is a violation of the restraint.
 Settle decree on one day's notice. *Page 450