(76 South. 970)

EZZELL v. WILSON.   (8 Div. 17.)

(Supreme Court of Alabama.   Nov. 29, 1917.)

1. PARTITION &⟶63(3) — IMPOSSIBILITY OF EQUITABLE DIVISION WITHOUT SALE—SUFFICIENCY OF EVIDENCE.

In suit for the sale of land for partition between cotenants, evidence that the land could not be equitably divided without a sale *held* to support decree for complainant.

2. PARTITION &⟶13—SALE FOR PARTITION BETWEEN COTENANTS.

Cotenancy is an indispensable element of each compulsory sale for division under the Alabama statutes.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Suit by James E. Wilson against John T. Ezzell. From decree for complainant, respondent appeals. Affirmed.

Bill by appellee against the appellant seeking a sale for partition of a certain tract of land therein described in Franklin county, Ala., consisting of about 428 acres; it being alleged that the complainant and respondent owned the said land as tenants in common, and that the same could not be equitably divided without a sale thereof. The bill also seeks an accounting from the respondent for rents collected.

The respondent answered the bill admitting the joint tenancy, and admitting that each owned an undivided one-half interest therein, but denying that the land could not be equitably divided without a sale.

The evidence for the complainant tended to show that the timber on the land was scattered promiscuously over it, and so were the cultivatable patches; that part of the land was rough, rocky, and "bluffy," and part of it tillable; that the timber is scattered over different portions of the land, and such is the case also as to the fertile spots on the land; and that it could not be equitably divided without a sale. Complainant's testimony further tended to show that, as a result of what is known as the "Horseshoe Bend" in the creek, which runs through a portion of this land, there is formed a valuable water power site, capable of development, but the value of which is uncertain, and that, on account of its proximity to land adjoining that here in question, it could not be equitably divided by partition, and that a partition of the land would destroy the value of this water power site.

The evidence for respondent tended to show that the land could be equitably divided without a sale. The respondent also sets up in his answer, in paragraph 5, that he and complainant were joint owners or tenants in common of a certain 80 acres of land, situated in Colbert county, Ala., and which respondent, by cross-bill, seeks to have sold for division. In the sixth paragraph respondent sets up that a large quantity of land in Colbert county known as the Woods and McMillan lands were purchased by him and complainant, and owned by them jointly—that is to say, complainant in the original bill paid the purchase price for the land and acquired the legal title thereto—but there was an agreement with the respondent that, whenever there was a sale of the land, the complainant was to be repaid the purchase price with 8 per cent. interest thereon, and all expenses incurred, after which the profits were to be divided equally between respondent and complainant; that the lands were sold, but that there has never been the final settlement of the profits, and complainant is due him on that transaction a large sum of money; and the cross-bill seeks an accounting thereof.

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Complainant answered the cross-bill denying the allegations of paragraph 5 as to the joint tenancy of the land therein described, and denying any indebtedness to cross-complainant, and also demurred to the cross-bill. The evidence of complainant tended to show that he had a legal title to the 80 acres of land described in paragraph 5 of the cross-bill, and that respondent had no interest therein until there was a sale made, and the profit realized, after reimbursing for the purchase price and expenses, and that the land had never been sold. Complainant's evidence further tended to show that the matters of indebtedness set up in paragraph 6 of the cross-bill had been fully settled between the parties satisfactorily, and that there was no indebtedness.

Respondent insists that complainant was still indebted to him on account of the matters set up in paragraph 6 of the cross-bill.

Upon consideration of the cause on the pleadings and proof for final decree, the chancellor found that the complainant was entitled to the relief he sought, and that the lands could not be equitably divided without a sale, and an accounting was ordered; also, a sale of the land described in the original bill. The chancellor further found that the matters set up in the cross-bill had not been established by the proof, that there was no cotenancy in the land described therein, and that there had been a final settlement of the transaction set up in paragraph 6; that the cross-complainant had not, by the evidence, established his right to relief; and the cross-bill was dismissed out of court. From this decree respondent prosecutes this appeal.

Travis Williams, of Russellville, and E. B. & K. V. Fite, of Hamilton, for appellant. W. H. Key, of Russellville, for appellee.

GARDNER, J. As to whether or not the land here sought to be sold for division, described in the original bill, could be equitably partitioned between the joint owners thereof without a sale, was one of the closely contested questions of fact presented by the evidence. No good purpose will be served by a discussion of the testimony. A brief outline of the character of the testimony offered on this question appears in the statement of the case, and will suffice as an indication of the general character thereof.

[1] Upon a careful review of the evidence in this record, we have reached the conclusion that the preponderance of the evidence is in favor of the complainant upon this issue of fact. Sheffield C. & I. Co. v. Ala. F. & I. Co., 185 Ala. 50, 64 South. 67; Trucks v. Sessions et al., 189 Ala. 149, 66 South. 79; Smith v. Witcher & Hicks, 180 Ala. 102, 60 South. 391.

[2] The lands described in paragraph 5 of the cross-bill are situated in Colbert county, Ala., and under the decision of this court in

Clark v. Smith, 191 Ala. 166, 67 South. 1000, jurisdiction thereof for this purpose, even by cross-bill, in this suit which was in Franklin county, may be seriously questioned; but aside from this, and without a determination thereof, the evidence is without dispute that the title to the 80 acres of land described was in complainant to the original bill. Cotenancy is an indispensable element of each compulsory sale for division under our statutes. The cross-bill averred the cotenancy and was not sustained by the proof. Kelly v. Deegan, 111 Ala. 152, 20 South. 378; Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 68 South. 880.

If it be conceded, without deciding, that the matters set up in paragraph 6 of the cross-bill were proper here to be considered, yet we agree with the court below in the conclusion reached, that these matters had been finally adjudged and settled between the parties prior to the filing of the bill in this cause.

We conclude that the decree of the court below is correct, and the same will, accordingly, be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.