WILLIAM HOWARD BROWN AND JOHN T. DAVIS

*vs.*

JAMES L. HOBBS, SHERIFF OF HOWARD COUNTY, AND F. S. ROYSTER GUANO COMPANY.

*Deeds: fee simple; repugnant clauses.*

A deed of property in fee simple, by its *habendum* clause, contained the condition that the grantee, his heirs and assigns, should not devise or convey the property to anyone other than some person or persons of the name of Brown, within the line of consanguinity or blood relationship of the grantors, with a further provision that should the grantee, his heirs or assigns, undertake to convey or devise the said property to any other person or persons "other than those of the class named," the grantors, their heirs or assigns, should have the right to re-enter: *Held,* that the condition of the deed is void, because repugnant to the fee conveyed, and the grantees take an absolute fee. p. 566

*Decided April 3rd, 1918.*

Appeal from the Circuit Court for Howard County. In Equity. (FORSYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Isaac Lobe Straus* (with whom was *Reuben D. Rogers* on the brief), for the appellant.

*Richard S. Culbreth* (with whom was *Joseph L. Donovan*), for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 18th of March, 1904, Henry G. Davis and Thomas B. Davis, of West Virginia, in consideration "of the sum of one dollar and other good and valuable considerations," conveyed to William H. Brown, of Howard County, Maryland, a farm, in that county, containing about one hundred and seventy acres of land.

The deed recites:

"Whereas, the farm and property hereinafter conveyed, was the home place and residence of Sarah G. Brown, deceased, the grandmother of the grantors in this deed mentioned, and was by the said Sarah G. Brown conveyed to John R. Brown, deceased, the uncle of the said grantors, and has ever since been owned and occupied by a descendant of Sarah B. Brown.

"And whereas, it is the desire and purpose of the grantors herein mentioned, that the said farm and property shall remain in the Brown name, within the line of consanguinity or blood relation to the said grantors.

"And whereas, William Howard Brown, the grantee herein mentioned, is a grandson of the said Sarah G. Brown, deceased."

The grant is to William H. Brown, and the *habendum* clause is as follows:

"To have and to hold the above described property unto him, the said William H. Brown, his heirs and assigns, forever in fee simple, upon condition, however, that the said William H. Brown, his heirs and assigns, shall not devise or convey the said property

to anyone other than some person or persons by the name of Brown, within the line of consanguinity or blood relation to the said Henry G. Davis, or Thomas B. Davis, upon further condition and subject to the provision, that if the said William H. Brown, his heirs or assigns, shall undertake to convey or devise the said property to any person or persons other than someone by the name of Brown, within the line of consanguinity or blood relationship to the said grantors the said Henry G. Davis or Thomas B. Davis, their heirs or assigns, shall have the right to re-enter upon the said property, and the said property shall thereupon revert to the said Henry G. Davis and Thomas B. Davis, their heirs and assigns."

The deed also contains the following covenant:
"The said William H. Brown does hereby covenant and agree for himself, his heirs and assigns, that he will not devise or convey the aforesaid property to anyone, other than some person or persons of his name within the line of consanguinity or blood relation to the said grantor."

On the 18th of May, 1917, William Howard Brown, the grantee in said deed, and John T. Davis, one of the heirs at law of Henry G. Davis, deceased, and also one of the heirs at law of Thomas B. Davis, deceased, filed a bill of complaint in the Circuit Court for Howard County against James L. Hobbs, the Sheriff of Howard County, and the F. S. Royster Guano Company, a body corporate, in which they allege that by virtue of a writ of *fieri facias* issued out of the Circuit Court for Howard County at the suit of F. S. Royster Guano Company "against the goods, chattels, lands and tenements of William Howard Brown," James L. Hobbs, the Sheriff of Howard County, had "seized and taken in execution all the estate, right, title, interest, property, claim and demand in law and in equity" of the said William Howard Brown in and to the farm conveyed to him by the

deed referred to, and had advertised said property for sale. The bill further alleges that a sale of the property by the sheriff under the writ mentioned would be in violation of the deed referred to, and prays for an injunction restraining such sale. A preliminary injunction was granted as prayed. Thereafter, the F. S. Royster Guano Company appeared and filed a demurrer to the bill of complaint, and, on the 26th of October, 1917, the Court below passed the order from which this appeal was taken, sustaining the demurrer, dissolving the preliminary injunction and dismissing the bill.

The lower Court held that the deed conveyed a fee simple estate, with a condition annexed "that the grantee shall not convey or devise the estate except to a particular class," and that the attempted restriction upon the power of the grantee to alienate the property was repugnant to the estate conveyed and void.

The contention of the appellants is that the language and provisions of the deed show that the grantors did not intend to convey an absolute fee simple estate to the grantee, and that the effect of the conveyance was to vest in the grantee "only a qualified, determinable or base fee." They rely upon cases like the cases of *Reed* v. *Stouffer,* 56 Md. 236, and *Kelso* v. *Stigar,* 75 Md. 376, where the property was conveyed to the grantees for the specific purposes mentioned in the deeds, and where the Court held that when it ceased to be used for such purposes it reverted to the grantor and his heirs. While some writers speak of determinable fees as including fees upon *condition,* we think this argument of the appellants, strictly speaking, loses sight of the technical distinction between a *condition* and what is spoken of in the text books as a *limitation.* Mr. Venable, in his Syllabus (1st Ed.), p. 117, says the term *limitation* "ordinarily means the conveyance of an estate, or the language which defines the character of the estate conveyed. * * * But in a less usual sense, a *limitation* is an estate which extends to some certain or uncertain event; *e. g.,* an estate to A. until she marries; an estate to B. and his heirs *so long as* he, or they, continue

to dwell on the premises. Limitations, therefore, include all estates for a term of years, their duration being fixed; determinable (base or qualified) fees; and that class of life estates which are to endure until the happening of some event, but may endure for a life; *e. g.,* an estate during widowhood. A limitation marks the period of the estate's duration by some certain or uncertain event. It is created by such words as *until, as long as, during, whilst,* etc. In the case of a limitation the estate runs out its existence to a predetermined boundary. A condition designates some event which may cut short the estate before it reaches its termination. It is created by such words as *on condition, provided, so that,* etc. The happening of the event does not constitute the limit, or boundary, of the estate, but it is in derogation of the estate and terminates it before it reaches its regular expiration or predetermined end." In 1 *Preston on Estates,* star page 442, the learned author, speaking of determinable fees, says: "The grantee has an estate which may continue forever; though there is a contingency, which, when it happens, will determine the estate. This contingency can not with propriety be called a *condition;* it is a part of the limitation; and the estate may be termed a fee. Plowden uses the phrase, a fee simple determinable." See also *Arthur* v. *Cole,* 56 Md. 100; 2 *Blackstone,* star page 155; 4 *Kent* (14th Ed.), star page 126.

The language of the deed in question is: "To have and to hold the above described property unto him, the said William H. Brown, his heirs and assigns, forever in fee simple, upon condition however," etc. If the condition is valid, the effect of this language would be to convey the property to the grantee in fee simple, upon condition that he and his heirs shall not convey or devise it except as therein provided, and upon a conveyance or devise of the property by the grantee or his heirs contrary to the terms of the deed, the grantors and their heirs would have the right to re-enter and terminate the estate of the grantee. 2 *Blackstone, supra;* 4 *Kent* (14th Ed.), *supra.*

The real question therefore in this case is, is the attempted restriction upon the alienation of the property by the grantee and his heirs void? It is said in 1 *Preston on Estates,* star page 477 : "Although as a general proposition it be true, that a tenant in fee has an unlimited power of alienation, and cannot be restrained by condition; yet, every restriction of this power, annexed to the creation, or to the transfer of an estate in fee, would not be absolutely void," and in 4 *Kent,* star page 131, it is said : "Conditions are not sustained when they are repugnant to the nature of the estate granted, or infringe upon the essential enjoyment and independent rights of property, and tend manifestly to public inconvenience. A condition annexed to a conveyance in fee, or by devise, that the purchaser or devisee should not alien, is unlawful and void. The restraint is admitted in leases for life or years, but is incompatible with the absolute right appertaining to an estate in tail or in fee. * * * If, however, a restraint upon alienation be confined to an individual named, to whom the grant is not to be made, it is said by very high authority to be a valid condition. But this case falls within the general principle, and it may be very questionable whether such a condition would be good at this day." In 2 *Blackstone,* star pages 156, 157, we find the statement: "These express conditions, if they are impossible at the time of their creation, or afterwards become impossible by the act of God, or the act of the feoffer himself, or if they be *contrary to law,* or *repugnant* to the nature of the estate, are void. In many of which cases, if they be conditions *subsequent,* that is, to be performed after the estate is vested, the estate shall become absolute in the tenant. * * * For he hath, by the grant the estate vested in him, which shall not be defeated afterwards by a condition either impossible, illegal or repugnant." The learned authors referred to cite cases in which slight restrictions upon the power to alienate fee simple estates have been upheld. But the rule in this State forbidding such restrictions has been strictly applied. In the case of *Clark* v.

*Clark,* 99 Md. 356, the provision of the will was as follows:
"It is my will and direction that my property hereby given
to my said children shall not be sold for the purpose of divi-
sion of proceeds of sale among them until the end of ten years
from the time of my death, unless all of my said children
agree that such sale and division shall be made between them
before that time, and in case all of them do thus agree in
writing to make such sale or division of my property before
said period of ten years, then I do authorize them to make
said sale or partition of my property, so that each one may
receive his or her share, I express the wish that my children
shall continue to live together as they now do, and use the
income of my property for their support until the expira-
tion of said ten years from my death." In reference to this
clause of the will, the Court said: "This provision of the will
if effective would practically amount to a restraint for ten
years of all alienation by any child of its share of the estate.
We have no difficulty in arriving at the conclusion that this
attempted interposition of restrictions upon the method of
alienation and enjoyment of the absolute estate given to the
testatrix' children was contrary to the policy of the law and
therefore inoperative and void. The authorities agree that
conditions or limitations in restraint of alienation or essen-
tial enjoyment of an estate in fee cannot be validly annexed
to the deed or devise by which the estate is created, because
they are repugnant to the inherent nature and qualities of
the estate granted and tend to public inconvenience." In
that case, and the late case of *Gischell* v. *Ballman,* reported
in 101 Atl. 698, the Maryland cases and many others upon
the subject are cited.

Under the terms of the deed in question, the property may
descend to heirs of the grantee who do not bear his name,
while the condition attempts to restrict his right, and the
right of his heirs, to devise or convey the property to per-
sons named Brown who are "of blood relation to" the said
grantors. As this restriction is not limited as to time, and

is not confined to the grantee, it is apparent that it may result in limiting the power of his heir or heirs to sell or devise the property to a single person, or deprive them of that power altogether. Upon the authorities cited, it is clear that the condition of the deed must therefore be held void because repugnant to the fee conveyed to the grantee, and it is not necessary in this case to refer to or discuss the numerous cases dealing with what should be regarded as reasonable and valid restrictions upon the power of alienation.

The case *In re Macleay,* L. R. 20 Eq. 186, relied on by counsel for the appellants, is totally unlike the case at bar, and the correctness of that decision has been seriously questioned in the later case of *Rosher* v. *Rosher,* L. R. 26 Ch. D. 801.

The condition being void for the reasons stated, *William Howard Brown,* the grantee, took an absolute fee (*Starr* v. *Starr M. P. Church,* 112 Md. 171), and the property is subject to be sold under a *fieri facias.* *Warner* v. *Rice,* 66 Md. 440; *Baker* v. *Keiser,* 75 Md. 332.

In the view we have taken of the case, it is not necessary to discuss the further question presented by the brief of the appellees in regard to the jurisdiction of a Court of equity to grant the relief.

*Decree affirmed, with costs.*