(79 South. 264)

SANDLIN v. SHERRILL et al.   (8 Div. 41.)

(Supreme Court of Alabama.   May 9, 1918. Rehearing Denied June 29, 1918.)

1. PARTITION ⊕=77(4)—PLEADING—SALE FOR DIVISION.

A tenant in common seeking a sale for division must allege and prove that the lands cannot be equitably divided without a sale.

2. PARTITION ⊕=73—ACTION—DISMISSAL.

Dismissal of a bill seeking a sale for division among tenants in common for want of proof as to its principal equity carries with it those questions which are merely incidental.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Bill by Randolph Sandlin against John H. Sherrill and others. Bill dismissed, and complainant appeals. Modified and affirmed.

Bill by Randolph Sandlin, appellant, against his brothers and sisters, and the lawful heirs of deceased brothers and sisters, for the sale of 160 acres of land, as therein described, for division among the parties as joint owners or tenants in common; it being averred that the land cannot be equitably divided without a sale thereof. Some of the respondents were minors. It is further averred that one of the respondents, John Sherrill, has been in possession of a part of the land, and it is sought to have him charged with the reasonable rental value thereof; that the said John Sherrill executed a mortgage to one S. E. Stewart, conveying all his interest in said land. The said Stewart is made a party so as to have said mortgage satisfied out of the share of said John Sherrill of the proceeds from the sale of the land, and the mortgage canceled. The bill further shows that complainant has bought the interest of some of the heirs, and that he owns a three-sevenths interest in the land.

It is averred in the bill that the land was purchased by the mother of the tenants in common, Sarah P. Sherrill, in the year 1872, but there is a misdescription in the deed; that Sarah P. Sherrill was placed in possession of the land described in the bill, and upon her death her husband, James A. Sherrill, went into possession, and so remained up to the time of his death in October, 1910. The bill further shows that some of the other respondents, tenants in common, acquired by deed the interest of some of their brothers and sisters to the land.

It is further alleged that the father of these respondents, who owned only a life estate in the land, mortgaged the same to one Echols, and that at a foreclosure sale respondent Anders became the purchaser, and received a foreclosure deed from said mortgagee conveying all the interest of the said James A. Sherrill. The said Anders went into possession of same, and continued in possession thereof up to the time the said James A. Sherrill was adjudged insane in 1909. In 1910 he rented the land from the complainant, as guardian of said James A. Sherrill. The bill avers that the deed to said Anders conveyed only the life estate, and that upon the death of said James A. Sherrill the title to the land vested absolutely in the parties to this suit as tenants in common, that the said Anders has been, and is now, in possession of a large portion of said land, and that an accounting to the tenants in common for a reasonable rental value for use and occupation of said land is sought, together with the cancellation of certain mortgages executed by said Anders to respondents Stewart, Kyle, and McDaniel, in

order that the land may bring its reasonable market value.

The bill further alleges that respondent Anders recovered a judgment against the complainant in the sum of $500 and costs in a suit for malicious prosecution and false imprisonment, which said judgment and costs are still a subsisting demand against the complainant in favor of said Anders; that said Anders is insolvent, and complainant seeks to have that portion of such amount as may be found due the tenants in common on an accounting, which would be his pro rata share, set off against said judgment.

There were decrees pro confesso against some of the respondents, and answers by others. The said Anders answered the bill, denying all material averments thereof, and denying that complainant has any interest in said land, and further denying that the mother of complainant acquired title thereto; alleging that, in fact, James A. Sherrill, through whom he claims title, occupied the land adversely for such a length of time as to vest in him the title to said land, and that he (respondent) became the owner thereof, went into possession, and has remained in possession thereof, and complainant has no right to claim of respondent any rent for use and occupation. A guardian ad litem was appointed for the minors, alleged tenants in common, who filed answers denying the averments of each paragraph of the bill.

The cause was submitted for final decree on pleadings and proof. The court decreed that complainant was not entitled to relief and dismissed the bill. From this decree the complainant prosecutes this appeal.

John R. Sample, of Hartsells, and Wert & Lynne, of Decatur, for appellant. W. T. Lowe, of Decatur, for appellees.

GARDNER, J. The bill in this cause has for its prime object the sale of lands for division among tenants in common. All other questions as to the accounting sought and the removal of clouds upon the title are but incidental to this main equity. Some of the alleged tenants in common were minors, and the averments of the bill were by the guardian ad litem denied, as well also denied in some of the answers of the other respondents.

[1] A very necessary averment in a bill seeking a sale for division among tenants in common is that the lands cannot be equitably divided among said joint owners without a sale thereof. This is a question of fact, and necessary to be here proven.

The record has been carefully examined, and we find no evidence whatever touching this important feature of the bill. For a failure of this proof, therefore, the bill as one seeking a sale of the lands for division among the tenants in common was properly dismissed. Smith v. Witcher, 180 Ala. 102, 60 South. 391; Ezzell v. Wilson, 200 Ala. 612, 76 South. 970.

[2] The other questions involved were but ancillary to the main equity of the bill, as previously stated, and the bill, having been properly dismissed for want of proof as to its principal equity, carries with it those questions which are merely incidental, including the question of accounting.

In view of the situation here presented, however, we have concluded to exercise discretion, and modify the decree dismissing the bill, that it may be without prejudice to the rights of complainant in the prosecution of other suits involving any of the matters herein set up. We might add, moreover, that the bill shows respondent Anders only purchased a life estate, which had expired, and he was therefore not a tenant in common of the land; and the complainant not being in possession, it would seem, so far as that respondent was concerned, what was said by this court in Brown v. Feagin, 174 Ala. 438, 57 South. 20, would be applicable to the situation here presented. See, also, Shepard v. Mt. Vernon Lbr. Co., 192 Ala. 322, 68 South. 880.

We merely make this observation in anticipation of further litigation.

It results that the decree appealed from will be affirmed but modified as above indicated so that the dismissal of the bill will be without prejudice.

Modified and affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.