EDWARD P. PERRY *et al. vs.* CHARLES BROWN.

JUNE 15, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Wills.   Devise.   Restraint on Alienation.*

Testator devised real estate to the children of X. in fee simple, and following such devise provided that the real estate was not to be sold until the youngest grandchild of X. reached the age of twenty-one years, "and not then unless there is an absolute necessity but if all the then heirs agree to it in writing when such child is thirty years of age it may be sold and the proceeds divided.":

*Held,* that devisees took an estate in fee simple in the estate devised, and the attempt to restrain their right to alienate was a mere nugatory direction and invalid.

*(2)  Wills.  Restraint on Alienation.*

Conditions in restraint of alienation are not favored in construction and where an estate in fee simple in real estate is given by will, a total or general restraint upon the devisees' power of alienation is void as repugnant to the nature of the estate or interest given.

BILL IN EQUITY for specific performance.  Heard on appeal of respondents and appeal dismissed.

SWEENEY, J.  This is a bill in equity to compel the specific performance of a written agreement to purchase real estate situated at the corner of Westminster and Greene streets in the city of Providence.  The respondent answering admitted his agreement to purchase but averred that the complainants could not give good title to the real estate. After a hearing in the Superior Court upon bill and answer a final decree was entered declaring that the complainants could convey good title to said real estate and directing the respondent to specifically perform his agreement to purchase it.  The respondent, deeming himself aggrieved by this decree, has brought the cause to this court upon his claim of appeal therefrom and alleges as reason therefor that said decree is against the law.

The record shows that the rights of the parties depend upon the construction and validity of a clause in the will of Julia P. A. Anthony, late of Providence.  Certain provisions of this will have been construed by this court in the case of *Perry* v. *Brown,* 34 R. I. 203.  In construing the will the court said that the effect of the third clause thereof was to vest all of the estate of the testatrix in trustees, and to give her husband only an equitable interest in the income.  This trust was terminated several years ago by the death of her husband.

After the death of her husband the testatrix devised the real estate involved in this cause, referred to in her will as the "Adie Mansion and the Anthony Annex," to the

children then living of her cousin, Clara F. Perry and William D. Perry, in fee simple, forever. Following this devise, she inserted this sentence in her will: "At the death of my said husband, I devise and bequeath all the rest of my said trust estate, that may then remain in the hands of my said trustees, under the foregoing trusts (hereby empowering them if need be to sell within three years with as little sacrifice as possible and convert the same into money for this purpose) as follows, viz: (I will add here that the Adie Mansion and the Anthony Annex, are not to be sold, until the youngest grandchild of Clara F. and William D. Perry has reached its twenty-first year, and not then unless there is an absolute necessity) but, if all the then heirs agree to it in writing, when such child is thirty years of age, it may be sold, and the proceeds divided." The foregoing sentence attempting to make a devise and bequest, is meaningless and of no effect, as no devisee or legatee is named therein. As stated in *Brown* v. *Perry, supra,* Mrs. Anthony wrote her own will, and it would seem from the fact that she used much legal phraseology, she must have had before her one or more wills from which she copied such phrases.

It may be that by this sentence Mrs. Anthony intended to give her trustees the right to sell the "Adie Mansion and the Anthony Annex" in case of "absolute necessity."

It is assumed by the parties to this cause that the sentence above quoted restricts the right of the devisees of the "Adie Mansion and the Anthony Annex" to sell the same until the youngest grandchild is thirty years of age.

The complainants are all over the age of twenty-one years, but the youngest of the grandchildren is not yet thirty years of age.

The respondent contends that the complainants can not give a good marketable title to said real estate on account of the restriction of the right of the devisees to sell the same until the youngest grandchild attains the age of thirty years.

Conditions in restraint of alienation are not favored in construction, and the general rule is that where an estate in

fee simple in real estate is given by will a total or general restraint upon the devisees' power of alienation is void as repugnant to the nature of the estate or interest given. 40 Cyc. 1713.

In *Manierre* v. *Welling*, 32 R. I. 104, 115, this court, in discussing the effect of an attempted restraint upon alienation, said: "But, while we hold that the attempted restraint upon alienation is so limited in its duration as not to be void for remoteness, as tending to create a perpetuity, yet we are of the opinion that such limitation in duration does not of itself make a restraint valid, if it is otherwise unreasonable or so general in its scope and effect as to operate as a substantially absolute restraint upon alienation for such limited time." The court then proceeded to examine the restraint upon alienation to see if it was so limited in its scope and effect as to be reasonable, and not substantially take away the whole power of alienation; and found that the restraint upon voluntary alienation was so general and so nearly absolute in its character, that it was invalid.

This case has been cited with approval in the case of *Pattin* v. *Scott* (Pa.), 112 Atl. Rep. 911, in which the court held that where a testator, after devising real estate to a niece and her heirs forever, further provided that she should have no right to convey a particular piece of real estate for twenty-five years, the restraint on alienation was an attempt to withhold an inseparable quality of a fee simple estate and was void, especially where there was no devise over and no provision for forfeiture on alienation. In *Krueger* v. *Frederick et al.* (N. J.), 102 Atl. Rep. 697, it was held that a devise of property to one, not to be sold until his youngest child should become of age, without stating that any one else should have any interest in such an event, passes an estate in fee simple; such restraint being void, as a mere nugatory direction.

In the case at bar the complainants took an estate in fee simple in the real estate devised to them by Mrs. Anthony; and the attempt to restrain their right to alienate the same

until the youngest grandchild should attain the age of thirty years is "a mere nugatory direction," and invalid.

The respondent's appeal is dismissed; the decree of the Superior Court appealed from is affirmed, and the cause is remanded to that court for further proceedings.

*Tillinghast & Collins. William R. Tillinghast, Harold E. Staples,* for complainants.

*Wilson, Churchill & Curtis,* for respondent.