MARY G. GOFFE *et al. vs.* JOHN M. KARANYIANOPOULOS.

JUNE 5, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This cause is before the court on respondent's appeal from a final decree entered in the Superior Court ordering him to perform his agreement to purchase certain real estate owned by complainants. Respondent claims that the decree is against the law. The legal question presented is whether complainants can convey the land in fee simple.

The three complainants derive their title to the real estate under the fifth clause of the will of their father, Ernest Goffe, whose will was duly probated at Newport. By the

fourth clause testator devised his residuary estate to trustees to be used as directed in the fifth clause. By the fifth clause he directed that the trust should terminate April 1, 1907, and made provision for the "final settlement" of his estate by directing that $3,000 be paid to each of his married daughters living at the termination of the trust and $300 to his grandson, and by giving "all the rest, residue and remainder" of his real and personal estate to his single daughters "and the longest liver of them" . . . "provided also that the real estate hereby devised situate on the corner,of Long Wharf and Thames street as well as that adjoining on the Long Wharf shall not be sold by them or either of them during their lives but held as a source of income . . ."

The complainants are the "single daughters" of the testator living at the time of the termination of the trust. January 30, 1933, respondent agreed to purchase complainants' real estate on the Long Wharf adjoining their land at the corner of Long Wharf and Thames street. Respondent refused to complete the purchase because he was advised that complainants could not convey a good marketable title to the land. He contends that complainants are restrained by the language of the will from selling the real estate on the Long Wharf during their lives.

Conditions in a testamentary devise which restrain devisees of land in fee simple from alienating are looked upon by the courts with disfavor and such conditions are generally held to be void.

The residuary devise of the real estate of the testator to his "single daughters" and the "longest liver of them" is an absolute gift in fee simple. Whenever real estate is devised without words of limitation, such devise shall be construed to pass the fee simple, or other interest, which the testator had in such real estate, unless a contrary intention shall appear by the will. § 4304, G. L. 1923. The testator did not intend to die intestate as to any portion of his property. His will expresses a contrary intention. It expressly appears that he intended to make a final settlement and disposition of his real and personal estate.

As it clearly appears the testator devised an estate in fee simple in the land to his single daughters living at the time of the termination of the trust, it follows that the proviso, that they should not sell during their lives, is inconsistent with the absolute gift and must be held to be repugnant thereto and invalid. *Re Will of Henry C. Kimball*, 20 R. I. 619; *Perry* v. *Brown*, 45 R. I. 210; *Rhode Island Hospital Trust Co., Ex.* v. *City of Woonsocket*, 48 R. I. 345.

In *Manierre* v. *Welling*, 32 R. I. 104, 116, this court said: "Certain general principles regarding the nature of an estate in fee simple are undisputed. It is settled that the ownership of such an estate involves as an incident thereof the power of alienation; and that an absolute restraint upon all alienation is void." This case contains an extended review of many cases on this subject. The court held that the attempted restraint upon the alienation of the land was void.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Sheffield & Harvey, William P. Sheffield,* for complainants.
*Max Levy,* for respondent.