This suit is brought to determine the effect of the will of Isaac Wrubel so far as it places a restriction on the power of alienation by the inheritors of the fee. Testator died in Connecticut in 1915, a resident of that state. His will was probated there, and an exemplified copy duly filed in Passaic County, where the parcel of property involved here is situated. The effect of the will on his realty here is to be determined by the law of this state. Van Winkle v. VanWinkle, 59 N.J. Eq. 317.
The entire estate was conveyed in trust to The Middletown Trust Company of Middletown, Connecticut, to pay the income to his widow and his children, "for the period hereinafter specified" and manage and control it, and not to sell it "except as hereinafter provided." Paragraphs Third, Eighth, Ninth and Tenth of the will provided as follows: *Page 467 
"Third, I hereby authorize and empower my said trustee to sell and convey any or all of my estate, except my real estate in Paterson, New Jersey, upon which I am now erecting a building, if in the judgment of said trustee it will be for the advantage of my estate to do so, and to give good and sufficient deeds thereof, and to reinvest the proceeds thereof in the manner provided by the law of Connecticut for the investment of trust funds."
"Eighth, If the building I have now in process of erection in Paterson, New Jersey, shall not be completed before my decease, I authorize and direct and empower my executor or trustee, to carry out and complete the same under the contracts already made, and to make such additional contracts as may be necessary to complete the same, and to borrow money, if necessary, to carry out the foregoing directions, and to mortgage said property to secure the payment of such money, with full power to give the necessary deeds."
"Ninth, It is my intention and desire that the said property in Paterson, upon which I am erecting a building, shall be an investment for my family, and to secure that end I direct that the same shall not be sold before January 1, 1960, and that upon the distribution of my estate, such distributee shall have an equal undivided interest in the same, but any one of the distributees may, if he or she so desires, and the other distributees consent, sell and convey his or her distributive share to the other distributees."
"Tenth, Upon the reaching of the age of twenty-one years of my youngest child then living, whether now in being or hereafter born, then my entire estate of whatever nature and wheresoever situate, I give, devise and bequeath to my said wife, Regina, and all of my children then living, whether now in being or hereafter born, in equal shares, to them and each of them and their heirs and assigns forever, subject nevertheless to the provisions of paragraph nine of this instrument, and the trust created by the second paragraph hereof shall terminate and cease."
The widow did not remarry, and she and all the children are alive. The youngest child reached her majority in 1928, and thereupon the trust created by the will terminated. The trustee filed its final account and was discharged as such trustee in 1929.
In 1938, the widow and all her children, with their respective husbands and wives, executed a deed conveying to Wrubel Realty Corporation, one of the complainants herein, the property described in paragraphs Third, Eighth and Ninth of the will as being then in course of construction. In 1945 Wrubel Realty Corporation entered into a contract to sell the property to The Young Women's Christian Association of Paterson, another of the complainants herein. A question was *Page 468 
raised as to whether good title could be given, because of the restrictions against a sale before 1960, as contained in the paragraphs quoted. All the necessary parties are before the court, all join in the application for a determination, and all ask that the restriction be held invalid.
Of course the mere consent of all the parties is not sufficient to justify the decree sought. The court must determine whether the restrictive provisions constitute an attempted restraint on alienation which is forbidden by the laws of this state. For there can be no question as to the intent of the testator. The will clearly provides that the parcel in question shall not be sold, except among the heirs to each other, until 1960, even after the termination of the trust when the youngest child should become twenty-one.
In my opinion the attempted restriction is void, as being repugnant to the nature of a fee-simple. Such a fee was unquestionably given to the heirs upon the termination of the trust, since there is no limitation over to any one else, and no provision for any forfeiture for failure to carry out the restriction. So the fee became absolute, and there accordingly attached to it the power of alienation as one of its incidents.
In Feit v. Richards, 64 N.J. Eq. 16, a will provided as follows: "It is my will that none of the real estate shall be sold by any of my children, that I have herein devised to them, without first obtaining a full written consent of all the children or the remainder of them." The court, by Chancellor Magee, says, "Since the power of alienation is a necessary and inseparable incident to an estate in fee-simple, a condition annexed to the devise of such an estate, that the devisee shall not alien the lands devised, has always held to be void, as repugnant to the nature of the estate."
In Krueger v. Frederick, 88 N.J. Eq. 258, a will provided: "Second. I give and bequeath to my daughter Mary Bohrer the house and lot number ninety six Baldwin Street in the City of Newark and I further order that the said Mary Bohrer shall not sell the said house until her youngest child shall become of age." Vice-Chancellor Lane decided as follows: "I have concluded that the attempted restraint on the alienation *Page 469 
of this fee pending the time the youngest child of Mary Bohrer shall become of age is void as a mere nugatory direction undertaking to impose a limitation upon the absolute ownership of property which is repugnant to a devise in fee. The exact question has been determined by the Supreme Court of the United States in Potter v. Couch, 141 U.S. 297, and by the Supreme Court of Wisconsin in Zillmer v. Landguth, 69 N.W. Rep. 568.
The attempted restraint is not imposed for the benefit of any particular person. There is no forfeiture if it be ignored. No one is given a right in the property except Mary Bohrer."
It is the general rule that such restraints as that here attempted are void. 49 Corp. Jur. §§ 1525 and 1528. In a Pennsylvania case, Pattin v. Scott, 112 Atl. Rep. 911, the restraint was for a period of 25 years after the death of the testator. The court said, "It is to be noted that, after making this correct limitation of the fee, while she attempts to restrict the alienation thereof during a period of 25 years, there is no mention of a devise over, nor of forfeiture upon alienation within the prescribed period. There is simply the bare attempt to take from the owner of the fee the right of alienation for a period of years; and this after the grant of a fee-simple estate was beyond the power of testatrix to accomplish."
A decree will be advised accordingly. *Page 470