92 So.2d 20

**Odessa BERRY et al.**

**v.**

**Clara Bell KIMBROUGH et al.**

**5 Div. 619.**

Supreme Court of Alabama.

Jan. 10, 1957.

Henry Neil Segrest and Russell & Russell, Tuskegee, for appellants.

Walker & Walker, Opelika, and Robt. E. Varner, Montgomery, for appellees.

LAWSON, Justice.

Thomas A. McKee, a resident of Macon County, died testate in June of 1922. In his will, which was duly probated, he provided in pertinent parts as follows:

"* * * 2. After the payment of debts and funeral expenses I give, devise and bequeath, upon conditions hereinafter set forth, all of my property both real and personal to my wife, Mary L. McKee. Conditions:

"a. Bequeath of realty is for the use and behoof of the said Mary L. McKee only during her natural life while single.

"b. In case of marriage of said Mary L. McKee, or at her death, all real estate belonging to me at my decease shall thereby become the property of my heirs in the following way * * * each of my children to share and share alike, except that my granddaughter, Claudia McKee, have the full share instead of her father Claud McKee, the other eight shares equally, 9 in all, as follows: Steve McKee, Mrs. Ellen Dorrough, Mrs. Clara Kimbrough, Mrs. Odessa Berry, Mrs. Mary Evans, Jim McKee, Sam McKee, and Charlie McKee.

"c. No part of the realty is to be sold outside of the heirs as above named during the lives of the heirs named except that a division mutually agreeable to all may be made whereby each heir may know and have his or her own portion and after such division no conveyance is to be made, except between each other, until the death of the one owning the particular portion desired to be conveyed. The object of the foregoing clause is to make sure that the real estate bequeathed by me shall not pass from the ownership of any child inheriting it during the life of that heir."

At the time of his death Thomas A. McKee owned 296 acres of land. One tract of 110 acres was in Tallapoosa County. An eighty-acre tract was within the city limits of Notasulga in Macon County and another tract containing 110 acres was in Macon County only a few miles from Notasulga. After the death of testator all of this land came into the actual or constructive possession of Mary L. McKee, where it remained until her death in 1952.

After the death of Mary L. McKee there was an effort on the part of some of the persons named in Paragraph 2b of the will to effectuate a division in kind of the said 296 acres of land in a manner "mutually agreeable" to all of the "heirs" named in that paragraph. Such efforts were fruitless. This litigation followed.

The original bill was filed by Clara Kimbrough and Ellen Dorrough against the "other heirs" named in Paragraph 2b of the will except Mary Evans, who was dead. At the time of her death she was Mary Evans Ferguson. In the place of Mary Evans Ferguson her survivors, Mattie S. Ferguson and Lawrence Evans, were made parties respondent. Other persons not necessary to mention were later made parties.

The bill as amended prayed, among other things, that the 296 acres of land, sometimes referred to hereinafter as the suit property, be sold for division of the proceeds among the tenants in common. After a hearing wherein the testimony was taken ore tenus, the trial court rendered a decree that responds to all of the issues finally developed by the pleadings. From that decree this appeal has been taken.

In view of the generality of the assignments of error and of appellants' brief, our review on this appeal is limited to one question, Did the trial court err in ordering the suit property sold for division of proceeds among tenants in common?

As here material, the decree from which this appeal was taken provides:

"* * * that the will of Thomas A. McKee, deceased, Exhibit A to the bill as amended, willed unto each of the nine beneficiaries therein named a one-ninth interest in said property in fee simple; that the purported restriction in said will upon their right to alienate their respective interests in said property was not and is not reasonably related to a proper purpose to be accomplished by the testator or to the purpose of the testator expressed in the will, and it is therefore considered, adjudged and decreed by the Court that the said restriction on alienation in said will is null and void.

* * * * * *

"5. That said property cannot be equitably divided among said tenants in

common without a sale of the same for division, and it is considered, ordered, adjudged, and decreed by the Court that said real estate be sold for division and partition by the Register", etc.

We will deal first with that part of the decree which holds, in effect, that the restrictions set out in Paragraph 2c of the will are null and void.

It is the general rule, and the law of this jurisdiction, that a general restraint on alienation of an absolute estate, whether in a deed or will, is void. Hill v. Gray, 160 Ala. 273, 49 So. 676; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Libby v. Winston, 207 Ala. 681, 93 So. 631; Gamble v. Gamble, 200 Ala. 176, 75 So. 924; Boshell v. Boshell, 218 Ala. 320, 118 So. 553. Cases from other jurisdictions which hold to like effect are legion, but we will cite only a few. Goffe v. Karanyianopoulos, 53 R.I. 313, 166 A. 547; Gischell v. Ballman, 131 Md. 260, 101 A. 698; Wrubel Realty Corp. v. Wrubel, 138 N.J.Eq. 466, 48 A.2d 793; Pattin v. Scott, 270 Pa. 49, 112 A. 911; Early v. Tayloe, 219 N.C. 363, 13 S.E.2d 609. See 31 C.J.S., Estates, § 8b(2); 41 Am.Jur., Perpetuities and Restraints on Alienation, § 77.

It is the majority rule that a restraint limiting conveyance to named persons or to a class of persons is equally invalid where there is a grant or devise of an absolute fee. Brown v. Hobbs, 132 Md. 559, 104 A. 283; Bank of Powhattan v. Rooney, 146 Kan. 559, 72 P.2d 993; Manierre v. Welling, 32 R.I. 104, 78 A. 507, Ann.Cas. 1912C, 1311; Williams v. McPherson, 216 N.C. 565, 5 S.E.2d 830; Attwater v. Attwater, 18 Beavan (English Chancery Reports) 330; American Law of Property, Vol. VI, § 26.32; Gray, Restraints on the Alienation of Property, § 105.

In the court below and in this court the parties treat the eight children and

one grandchild named in Paragraph 2b of the will as having taken a vested remainder in the suit property and they agree that upon the death of the testator, there was vested in them an absolute, not a conditional, fee subject, of course, to the life estate of Mary L. McKee. Under such circumstances we will so consider the will in connection with a determination of the questions at hand. Cf. Libby v. Winston, supra. See Dozier v. Troy Drive-In-Theatres, Inc., Ala., 89 So.2d 537.[1] We observe at this point that an estate given to a woman "during her natural life while single" is in the category of an estate for life.

The appellees take the position that the provisions of Paragraph 2c of the will constitute a restraint upon alienation of their fee simple estate and are therefore invalid. The appellants do not question the principles to which we have alluded above concerning the invalidity of provisions in a deed or will which purport to restrain the alienation of an absolute fee. It is their position, as we understand it, that the provisions of Paragraph 2c do not constitute a restraint upon alienation but merely a restraint upon the right of partition, which they assert does not run counter to the principles to which we have referred.

We recognize the principles of law asserted by the appellants to the effect that where by the terms of a will or deed there is a mere restriction as to partition or division of the property conveyed before the happening of a designated contingency reasonably related to a proper purpose to be accomplished and for a period which is also reasonable, the restriction against division or partition is not an unlawful restraint upon the ownership of the property and is within the competency of the grantor or testator when so provided. Hedricks v. Beam, 241 Ala. 618, 4 So.2d 176, and cases cited.

1. Ante, p. 93.

But we cannot agree with the construction which appellants place upon the provisions of Paragraph 2c of the will. We are clearly of the opinion that those provisions constitute restrictions against alienation rather than a mere restraint upon the right to a division or partition of the suit property. In our opinion in Paragraph 2c of the will the testator sought to make certain that the real estate which he had devised did not pass from the ownership of any of the persons named in Paragraph 2b of the will during the life of that person except to another person therein named. This was not a mere purpose to hold the property together during the lives of those persons. In fact, the provisions of Paragraph 2c of the will contemplate that even before a voluntary partition in kind one of the owners in fee (not a life tenant) could during his lifetime sell his share to one of his tenants in common named in the will but to no one else. Likewise after a division in kind, which the testator expected the remaindermen to agree upon, it is provided that a conveyance of a particularly divided share can be made to one of the same limited class. We forego further discussion, being secure in the belief that the provisions of Paragraph 2c of the will were intended to operate as restraints upon the right of alienation except to named persons, which as heretofore indicated is invalid. We hold, therefore, that the trial court correctly held that the provisions of Paragraph 2c of the will do not operate to prevent a sale of the suit property for distribution among the tenants in common.

The remaining question is whether the trial court erred in holding that the lands could not be equitably divided in kind. We see no occasion to deal at length with that factual question. As shown above, the testimony was taken orally before the trial court, who saw and heard the witnesses and after a careful reading of the evidence in this record, we are clearly convinced that the trial court correctly concluded that these three separate tracts of land could not be equitably divided in kind between the several tenants in common. Thomas v. Skeggs, 223 Ala. 598, 137 So. 443; Ezzell v. Wilson, 200 Ala. 612, 76 So. 970.

The decree of the trial court is affirmed.

Affirmed.

STAKELY, MERRILL and SPANN, JJ., concur.