155 So.2d 525

**O. H. HOWARD**

v.

**C. E. HARRELL, Jr., et al.**

I Div. 52.

Supreme Court of Alabama.

July 25, 1963.

Hubert P. Robertson, W. Dewitt Reams and Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellant.

Adams, Gillmore & Adams, Grove Hill, for appellees.

LIVINGSTON, Chief Justice.

The appellees filed their bill of complaint in the Circuit Court of Washington County, in Equity, praying that certain lands located in that county be sold for division. It is undisputed that appellees, C. E. Harrell, Jr., and S. Moxey Harrell, appellant O. H. Howard, and Robert Lewis, Jr., own the property in question as tenants in common.

The land is situated in three distinct parcels and is mostly wild and unimproved. Apparently, its principal use is for the growing of timber. The characteristics of the various parcels vary appreciably and there is evidence that within the separate parcels the land also varies as to the type of soil, type of vegetation, etc. Part of the land is covered with a thick layer of sand; on another portion is a pond. Both of the appellees testified that in their opinion, an equitable division in kind would be impossible.

■ The parties agree that where lands are owned by tenants in common, the right to sell for division is conditioned upon averment and proof that such property cannot equitably be divided in kind, and when this condition appears, the right to sell for division is a matter of right. Leonard v. Meadows, 264 Ala. 484, 88 So.2d 775; Littledale v. Brush, 240 Ala. 566, 200 So. 411; Chambliss v. Derrick, 216 Ala. 49, 112 So. 330. Thus, the primary question for our consideration is whether or not the property in question could be equitably divided in kind. The trial judge, after hearing the evidence ore tenus, decreed that it could not be equitably divided in kind and ordered it sold for division.

■ Where all the testimony is taken before the trial judge ore tenus, the findings of fact and decree of that court will not be disturbed on appeal unless plainly or palpably erroneous. Johnson v. Harrison, 272 Ala. 210, 130 So.2d 35; Berry v. Kimbrough, 265 Ala. 459, 92 So.2d 20; Meador v. Meador, 255 Ala. 688, 53 So.2d 546.

**424**

Appellant urges that where a respondent by cross-bill invokes the rule of owelty, an equitable partition in kind is thus made possible and would, therefore, be the appropriate remedy. In support of this, appellant cites Title 47, Sec. 190, Code of 1940; Hall v. Hall, 250 Ala. 702, 35 So.2d 681; Compton v. Simmons, 223 Ala. 352, 135 So. 570; and Smith v. Hill, 168 Ala. 317, 52 So. 949. We cannot agree with appellant's interpretation of these authorities. Neither the statute nor the cases cited are authority for the proposition that a mere offer to invoke the rule of owelty always fosters a partition in kind. It is true that the decree in this case does not mention owelty at all. That doctrine was before the court below and the learned trial judge found that for various reasons the lands in question were not susceptible of being partitioned in kind. It was quite within the province of the trial court to find that even if the rule of owelty had been invoked there could not be an equitable partition in kind. In view of the presumption in favor of the decision of the trial court, when the evidence is presented ore tenus, we are constrained to uphold the decision of the court below. Authorities, supra.

Upon its merits, the decree is affirmed.

■ There is, however, an error in the decree as to form. The decree fails to set a date for the sale which it orders, and our authorities are to the effect that a decree of this character should fix the time, place, and terms of sale, and that such important a matter should not be left to the undirected discretion of the register. Deegan v. Pake, 233 Ala. 435, 172 So. 270; Harvey v. Jenkins, 219 Ala. 121, 121 So. 419. In this respect, therefore, the cause will be reversed and remanded to the court below with instructions to fix a date for the sale of the lands.

Affirmed in part, and in part reversed and remanded.

LAWSON, GOODWYN and COLEMAN, JJ., concur.