RIVERS *vs.* DURR.

[EJECTMENT FOR RECOVERY OF LAND.]

1. *Chancery ; jurisdiction of over infants.*—If a bill be filed relative to an infant's estate or person, the chancery court acquires jurisdiction, and the infant, whether plaintiff or defendant, immediately becomes a ward of the court.

2. *Same; when decrees of are binding on infants.*—Decrees made in suits by infants' plaintiffs, are as binding upon them as upon adults.

3. *Same; power of to change property of infants.*—Whether the chancery court has or has not jurisdiction to sell the real estate of tenants in common for division, lands so sold at the suit of an infant, when that is the only objection to the sale, may be referred to the power of the court to change the property for the benefit of the infant, when the infant seeks to recover the land from the purchaser by action of eject-ment.

APPEAL from the Circuit Court of Montgomery. Tried before Hon. JOHN ELLIOTT.

The appellant sued to recover from the appellee a lot of land in the city of Montgomery.

In 1858, she being then a minor, filed her bill by her next friend in the chancery court, alleging the following facts. Her father and mother, after their marriage, in pursuance of an ante-nuptial agreement between them, conveyed this property to a trustee for the sole, separate, and exclusive use and benefit of her mother, it being her's before the marriage. Her mother had died. leaving three children, including the complainant, her only heirs at law. The property could not be partitioned between them, and therefore a sale for the purpose of division was prayed. The trustee, and proper parties, were made parties defend-ant, and they admitted the allegations. The land was sold under the decree in the cause, and was bought by Edna Watkins, one of the children. From her the defendant derived title by purchase. Under the charge of the court the jury found a verdict for the defendant.

ELMORE & GUNTER, for appellant.—I. At the common law no court had the power to award a writ of partition between tenants in common and joint tenants against the will of any of the parties. This was remedied by statutes 31 Hen. 8, ch. 1, and 32 Hen. 8, ch. — ; and the court of chancery having assumed jurisdiction of partition after that period, the first reported case being in 48 Eliz., took it as extended. But no statute ever gave the power to sell for partition, and it has never been assumed. Not a single word can be

found in the works upon equity jurisprudence showing that a sale can be made for partition, and all writers who have considered the subject admit that the inherent powers of the court do not extend to decreeing a sale.   This is also evidenced by the fact, that perhaps in every State statutes have been passed conferring the power upon their courts to sell in particular cases to effectuate a partition.—8 Cow. 361 ; 1 Story's Eq. § 446, *et seq.; Deloney v. Walker,* 9 Port. 501 ; 2 Lead Cases in Eq. 640–48, and authorities there cited ; 10 Paige, 470.

II. This deficiency in the powers of the chancery court has been remedied in this State by conferring upon the probate court authority to sell for partition, and the chancery court is yet without power in the premises. —Revised Code, § 3120 ; 2 Lead. Cases in Eq. 640–48; *Deloney et al. v. Walker,* 9 Port. 501 ; *Williamson v. Berry,* 8 How. 495, 581.

III. The chancery court has no inherent jurisdiction to sell legal real estate of infants for *any purpose.*—3 L. C. in Equity, 269 ; *Egee v. Countess of Shaftesbury ; Williamson v. Berry,* 8 How. 555–56 ; Tyler on Infancy, 296, § 193, 298, 194 and 304, § 200 ; *Rogers v. Dill,* 6 Hill, 415 ; *Russel v. Russel,* 1 Molloy, 525 ; *Gaunstone v. Gaunt,* 1 Collyer, 577 ; *Wood v. Mather,* 38 Bart. 473; Ambler Rep. 419 ; Tif. on Trusts and Trustees, 641–2; 1 Spence's Eq. Ju. 613, note *i* ; *Calvert v. Godfrey,* 6 Beavan, 97 ; *Pets v. Gardner,* 2 Y. & Coll. N. S. 312 ; MacPherson on Infants, 297, 301, 307, 311, 312.

IV. But the question in this case is whether or not the chancery court can order a sale of an *infant's* land for *partition.*   It will be seen that the bill asking the sale is based wholly on the ground of the necessity of it for partition. There is no allegation that a sale would be beneficial to the infant.   The decree for the sale shows that the whole object was to effect a partition.

If the court could not sell an adult's land for partition, how could it sell an infant's, as in the latter case there is no possibility of consent?   The fact of infancy, is itself an

insuperable difficulty in the way of sustaining the decree of sale.

The appellee is able to cite a few cases in which courts have exercised the power or asserted the right to sell for partition; but, upon examination, it will be seen that the question of the jurisdiction was not raised, that the cases are ill considered and are not supported by any authority, and in some instances are not the decisions of the highest courts of the State.

But, on the other hand, it is conceded by all writers and adjudicated in all the highest courts of the country, that the court is without inherent power to sell for partition the lands even of adults, and cannot sell that of infants for any purpose.—See authorities, *supra*.

V. If the court had no jurisdiction to make the sale of the infant's land, the decree and sale under it are void, notwithstanding this is a collateral attack of the decree of a court of general jurisdiction.—*Lamar v. Comm'rs Court of Marshall County*, 21 Ala. 772; *Gunn v. Howell*, 27 Ala. 663; *Miller v. Jones*, 26 Ala. 247; 25 Ala. 408; *Wyatt's Adm'r v. Rambo*, 29 Ala. 510; 3 Lead. Cases in Equity, 269, 270; *Grignon's Lessee v. Astor*, 2 How. 319; *Rogers v. Dill*, 6 Hill, 415; 1 Smith's Lead. Cases, 847, (5 Am. edition,); *Hunt's Heirs v. Ellison's Heirs*, 32 Ala. pp. 200 and 209.

GOLDTHWAITE, RICE & SEMPLE, *contra*.

(No brief for appellee came to Reporter's hands.)

B. F. SAFFOLD, J.—The jurisdiction of the chancery court to sell land for division is not so much involved in this case as the question, whether the court, in the exercise of its guardianship over the person and property of minors, has authority to sell the real estate of the minor. Of this latter there can be no doubt.

In *Ex parte* Philips, 19 Vesey, 117, Lord Eldon said, "In the case of the infant it is settled, that as a trustee out of court cannot change the nature of the property, so the court, which is only a trustee, must act as the trustee out

of court; and finding that a change will be for the benefit of the infant, must so deal with it as not to affect the powers of the infant over the property, even during his infancy, when he has power over one species of property and not over the other." That is, if the money of an infant be laid out in land, and by law he may dispose of personal property before he becomes adult, his power of disposition during infancy is not to be prejudiced. He is bound by the exchange, but he may treat the land as personal property if he chooses.

If a bill be filed relative to an infant's estate or person, the court acquires jurisdiction, and the infant, whether plaintiff or defendant, and even during the life of its father, or of a testamentary guardian, immediately becomes a ward of the court.—*Eyre v. Countess of Shaftesbury*, Lead. Ca. in Eq. vol 2, part 2, p. 139. Decrees made in suits by infant plaintiffs are as binding upon them as upon adults. Lord Hardwicke observed that he knew of but one exception. In that case the infant was a defendant to a cross-bill, and both cases being heard at the same time, he had leave to show cause, when he came of age, against his own decree.—*Gregory v. Molesworth*, 3 Atkins, 626 ; 1 Dan. Chan. Prac. 96.

In this case, the sale from which the defendant derived his title, was made at the suit of the plaintiff. She claimed a right to what she asked, and those who alone could contest with her assented to it. The jurisdiction of the court attached, and we must presume that the change of property was ascertained to be for the interest of the minor.

The judgment is affirmed.