# Hill *v*. Jones.

*Bill in Equity by Guardian, to enforce Testamentary Charge on Lands for Education of Infant.*

1. *Testamentary power; construction and execution of.*—Where the testator devised and bequeathed property in trust for the benefit of his son Thomas, and added, " Should the said Thomas die, having made a will and testament in due form to be admitted to probate, I direct that the said trust estate shall be handed over and disposed of in such manner as he shall by his said will have directed " ; and the testatrix, his mother, by a subsequent will, after devising property in trust for him and his family, added, " My said son Thomas shall have the authority and power, by an instrument in writing, to order and direct in what manner, and to whom, and in what proportion the share or portion hereby bequeathed in trust for him shall be divided between his wife and children after his death " ; *held*, that each of these powers was well executed by a will, by which Thomas devised the entire property to his wife and daughter, to be divided equally between them when either of them married, and charged the entire estate with the education of the daughter during her minority, over and above her interest on a division.

2. *Devise and bequest to two, to be divided on future event.*—Under a devise and bequest to the testator's widow and daughter, to be divided equally between them, and to be kept together until the marriage of one of them, the two take and hold as tenants in common until the division is made.

3. *Sale of lands under execution against tenant in common.*—The interest of one tenant in common in lands may be sold under execution against him (Code, § 3209), before the time has arrived at which a division may be had under the provisions of the instrument creating the estate ; but the purchaser at the sale, while acquiring the interest of the defendant in execution, takes it subject to any lawful charge or incumbrance existing upon or against it by the terms of that instrument.

4. *Testamentary charge on lands, for education of child.*—Where the testator devised his entire estate to his wife and daughter, to be divided equally between them when either of them married, but directed that the daughter should receive a thorough education, "without being an extra charge on the estate," "over and above her share at the final division and distribution of the estate" ; *held*, that the expenses attending the education of the daughter—that is, "tuition, board (if proper as an incident), and other usual and necessary incidental expenses "—were a charge upon the entire property, and should be first paid out of the rents, after deducting taxes and necessary repairs, before any portion could be allotted to the widow, or to a purchaser at execution sale against her.

5. *Liability of trustee for rents or waste.*—When a testamentary charge on lands, in favor of an infant, is enforced against a purchaser at sale under execution, as a trustee *in invitum*, he will not be charged with waste, nor with more rents than he actually received, except under circumstances which would authorize a similar charge against an express trustee.

6. *Partition between tenants in common.*—A purchaser of land from a tenant in common, or under execution against him, is entitled to have a partition, as the tenant himself might have had; but, if the property is held under a will, which prescribes the time when a division may be had, partition can not be made at an earlier day.

APPEAL from the Chancery Court of Sumter.
Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 5th December, 1871, by Mrs. Mary B. Hill, the widow of Thomas M. Hill, deceased, who sued as the guardian of her infant daughter, Annie Bowen Hill, and for her use and benefit, against W. A. C. Jonës; and sought to recover the possession of a tract of land from the defendant, to enforce a testamentary charge on the lands for the education of the said ward, to make the defendant account for the rents while in his possession, as well as for waste committed by him, and to restrain the commission of further waste; and the general prayer, for other and further relief, was added. The land was held by said Thomas M. Hill, at the time of his death in January, 1864, and cultivated with the slaves then on it, as a trust estate under the wills of his deceased father and mother, William W. and Nancy A. Hill; and he devised and bequeathed his entire estate, by his last will and testament, duly executed, and admitted to probate after his death, to his said wife and daughter, to be equally divided between them, as stated more particularly in the opinion of the court, where the words of the will are quoted. In and by his said will, said Thomas M. Hill made no allusion to the manner in which he held the property, or the powers conferred on him by the wills of his father and mother, but spoke of the property as " my estate "; and the last clause of his will was in these words : " I desire that nothing in this instrument shall be so construed as to prevent my wife, Mary B. Hill, from making a will, and disposing of her share of my estate as she thinks proper; nor my daughter Annie, so soon as she arrives at the age of eighteen years, from disposing of her share of my said estate, by will or otherwise, as she thinks proper. "

The trustees named in the wills of W. W. and Nancy A. Hill having resigned, B. B. Little was appointed trustee in their stead, by the Chancery Court of Greene county; and he continued to act as trustee until the death of said Thomas M. Hill. Soon after the death of said Thomas M., Little filed a bill in said Chancery Court, for a settlement of his trust; making the widow personally, and as administrator of said Thomas, and the child and her guardian, parties

[Hill v. Jones.]

defendant; and asking the directions of the court as to the disposition he should make of the property. In December, 1874, the chancellor (Hon. JOSEPH R. JOHN) rendered a decree in the cause, as follows : " It is adjudged and decreed, that the last will and testament of Thomas M. Hill is a good execution of the powers of disposition conferred on him by the will of W. W. Hill and Nancy A. Hill; but that all the conditions and restrictions attempted to be annexed to the trust property conveyed by the said wills of W. W. and Nancy A. Hill, by the said will of Thomas M. Hill, are inoperative. It is further adjudged and decreed, that the trust estate which was received by the trustee under the wills of said W. W. and Nancy A. Hill, by virtue of their last will and testament, and the appointment by the last will and testament of said Thomas M., vested in Mary B. Hill, the wife of said Thomas M., and in Annie B. Hill, his daughter, in equal shares, as by said will directed ; and it is further decreed, that the share of said Mary B. is by the said will charged with one-half of the cost of the education of Annie B. Hill, in the manner directed by the last will of said Thomas M., to be paid by the said Mary B. Hill as the same may be required; and it is hereby declared, that a lien shall exist and continue on the share of the trust property which may be delivered to the said Mary B. Hill, to secure the payment of the said one-half of the cost of education of the said Annie B. " The decree then directed the complainants (the executors of said B. B. Little, in whose names the cause had been revived on his death) to deliver the property to Mrs. Hill and the guardian of said Annie B., taking their receipts, and specifying therein the lien declared ; and the cause was continued, for a settlement of the accounts of the trustee. In January, 1865, the accounts of the deceased trustee being stated by agreement, and showing a balance against him of over $5,000, the chancellor rendered a decree for this amount against the executors, in favor of Mrs. Hill and her daughter, one-half to each, and taxed the costs against the complainants, as executors. In November, 1866, at a regular term of the court, before Chancellor LOOMIS, on motion of the complainants, their bill was dismissed ; but for what reason, the record does not show.

Jones, the defendant in this suit, having recovered a judgment against Mrs. Hill, caused an execution to be levied on the land ; and at the sheriff's sale, on the 5th September, 1870, he became the purchaser, and received the sheriff's deed, under which he went into possession. The bill in this case alleged, that the complaniant's ward, Annie B. Hill, " by and under the wills of her deceased grand-

[Hill v. Jones.]

father and grand-mother, W. W. Hill and Nancy A. Hill, and by the will of her deceased father, Thomas M. Hill, made in execution of the powers given him by the said wills of W. W. and Nancy A. Hill, has a fee simple in one-half of the said lands, and a charge by way of lien on the other half for her education, as hereinafter shown "; that Thomas M. Hill left no estate whatever, except what he held under the wills of his father and mother, and his will only operated by way of execution of the powers conferred on him by their wills ; that the ward had received about $1200 on the settlement of the trust estate, all of which had been expended in her education and maintenance ; that she was thirteen years of age, and had been withdrawn from school by complainant, for want of means to pay for her tuition, and had no other property than her interest in said lands. The bill alleged, also, the filing of the bill by Little, and the rendition of the decree in that cause ; " all of which," it was added, " will more fully appear by reference to said proceedings and decree ; and complainant hereto appends, and makes part of this bill, marked ' Exhibit A,' said Little's bill, with the exhibits thereto, and the answers, and the decree in said cause, and refers to the same, to show the rights of her said ward in the premises, and how her rights were derived. " The bill alleged, also, the purchase by Jones at execution sale against Mrs. Hill, his entry into possession, receipt of the rents, commission of waste, &c. The prayer of the bill was, " that said Jones may be required to surrender his unlawful possession of said lands ; that said lands may be applied to the support and maintenance of complainant's said ward, as required by the will of her father and said decree of the Chancery Court; that said Jones may be required to account for the use and occupation of one-half of said land ; that the lien on the other half, mentioned in this bill, may be enforced ; that said Jones may account for the waste committed on said lands, and may be restrained from committing further waste ; " and for other and further relief.

The defendant filed a demurrer to the bill, assigning various grounds of demurrer. In passing on the demurrer, the chancellor held, that the decree rendered by Chancellor JOHN was invalid ; that Mrs. Hill's interest in the lands was subject to sale under execution ; that Annie B. Hill and the defendant were tenants in common of the land ; that she was entitled to receive from him, during his possession, one-half of the rents and profits of the lands, " and also one-half of the remaining rents and profits, to be applied to her education " ; and that Jones, while his debt was unpaid, was

[Hill v. Jones.]

" entitled to receive and retain one-half of the rents and income of the share of Mrs. Hill. " The defendant afterwards filed an answer, which he prayed might be taken as a cross-bill, under the rules of practice, and asked a partition of the lands. On final hearing, on pleadings and proof, the chancellor held, that the clam for damages to the land was not sustained by the proof; that Mrs. Hill's interest in the lands was subject to sale under execution, but the purchaser took it subject to the charge created by the will of Thomas M. Hill for the education of his daughter; that the defendant was "liable to pay, towards the education of said Annie B. Hill, one-half of his share of the annual rents, until she shall leave school or marry "; and declared a lien on his share of the land to secure it. He held, also, that the defendant was entitled to have a partition of the lands, and appointed commissioners to make a division; and ordered an account to be taken of the rents and profits, the value of timber cut and sold, the amount of taxes paid, valuable improvements erected, &c.

The decree on the demurrer, and the final decree, are now assigned as error by Mrs. Hill.

THOS. COBBS, with whom was R. H. SMITH (since deceased), for appellant.—The decree rendered by the chancellor in December, 1864, was a final decree, and was not affected by the subsequent decree dismissing the suit; nor could it be held invalid, as the chancellor held it, nearly ten years afterwards, in a suit between different parties, and for different purposes.—*French v. Shoemaker,* 12 Walace, 86; *W. & E. Canal Co. v. Beers,* 1 Black, 54; *Thompson v. Dean,* 7 Wallace, 342; *Stovall v. Banks,* 10 Wallace, 583; *Forgay v. Conrad,* 6 Howard, 202; Rules of Ch. Pr. (No. 84), Code, 173; 1 Brickell's Digest, 725, § 1246; 1 Dan. Ch. Pr. 798–9; *Pettus v. McClanahan,* 52 Ala. 57. That decree was correct, and properly declared a lien or charge on the lands for the education of Annie B. This lien, or charge, extended to the whole of the land; it was for an amount which was unascertained, and unascertainable in advance; and its nature was such as rendered the interest of Mrs. Hill in the property contingent, incapable of determination, and not subject to levy and sale under execution.—Code, § 2871. The defendant, being in possession, and charged with notice of the lien, is liable for rents, and also for waste, as a trustee.—*Harrison v. Mock,* 10 Ala. 185. If the defendant holds as a tenant in common, he is still liable for waste, or other special damage.—3 Robertson's Pr. 166; *Nelson's Heirs v. Clay,* 7 J. J. Mar. 139; 2 Amer. Ch. Dec. 494.

[Hill v. Jones.]

A. W. COCKRELL, R. CHAPMAN, JR., and T. B. WETMORE, *contra.*—The lien asserted by the bill, so far as it depends on the decree rendered in the suit by Little, must fail, because that decree was interlocutory only, and the bill was afterwards dismissed.—4 Porter, 73 ; 37 Ala. 453 ; 32 Ala. 13. It is invalid on its face, because not warranted by the pleadings or proof in the cause. So far as the asserted lien rests on the will of Thomas M. Hill, it must fail, because he had no power to create such a charge, or any trust or incumbrance. 2 Cowen, 196 ; *Greenleaf v. Queen,* 1 Peters, 138 ; *Foster v. Goree,* 5 Ala. 428. As to the asserted lien, the decree is too favorable to appellant. On the question of waste, as between tenants in common, the bill must fail for want of equity.—Lomax' Digest, 647 ; Adams' Equity, 525 ; Story's Equity, §§ 910, 916, and note to former section.

BRICKELL, C. J.—The power conferred on Thomas M. Hill, by the will of William W. Hill, is thus expressed ; "Should the said Thomas M. Hill die, having made a will and testament, in due form to be admitted to probate, I direct that the said trust estate shall be handed over and disposed of, in such manner as the said Thomas shall by his said will have directed." The power conferred by the will of Nancy A. Hill is thus expressed : "And it is further herein provided, that my said son, Thomas M. Hill, shall have the authority and the power, by an instrument in writing, to order and direct in what manner, and to whom, and in what proportion, the share or portion hereby bequeathed in trust to my said son, Luther L., shall be divided between his wife and children after his death." Thomas M. Hill died, having made his last will, which was duly admitted to probate, and by which he disposed of all the property, real and personal, subjects of these powers, embracing the lands now in controversy, devising it to his wife, Mary B. Hill, and their infant daughter, Annie Bowen Hill, to be divided equally between them, and directing that it should be kept together until the marriage of the one or the other. The will contains this provision : "My daughter, Annie Bowen, as soon as she is old enough, shall be sent to school, and kept at the best schools, until her education is thorough and complete in every department, without being an extra charge on my estate. This I bestow on her, as a parent and affectionate father, over and above her share at the final division and distribution of my estate "

1. The powers conferred by each of the wills on Thomas M. Hill were well executed by this devise. There is no general or particular intention, in favor of any class of

individuals, manifested in the will of William W. Hill. The only limitation of the power of disposition conferred by that will, is that it should be exercised by a will made in such form that it could be admitted to probate. The individuals in whose favor the power should be exercised, the quality and quantity of interest which should be conferred, were committed wholly to .the discretion of the donee of the power. The power of appointment conferred by the will of Nancy A. limits the appointment to tho wife and children of the donee of the power; and it is to be exercised by an instrument in writing, whether deed, will, or other instrument. There is nothing in either power, when it is fairly construed, which can be regarded as inhibiting the donee from conferring on his daughter, in her infancy, a right to an education from the entire estate, in priority of the claims of the mother. He was expressly authorized by the will of Nancy A. to determine and direct in what *manner, and in what proportion*, the estate should be divided between the wife and children ; and there was no limitation of the power in the will of William W. There is a simple exercise of the powers, in the manner best adapted to the condition and circumstances of the wife and child, the class in whose favor the appointment was to be made, under the will of Nancy A.; and such an appointment, it is fair to presume, the testatrix intended.

2. The words of the devise to his wife and daughter, in the will of Thomas M., importing a division of the estate between them, a separate interest in each, would, at common law, have created a tenancy in common. In this State, joint tenancy does not exist, the statute abolishing its distinguishing incident, the *jus accrescendi.*—Code of 1876, § 2191 ; *Dunn v. Bank of Mobile*, 2 Ala. 152. And the principle is well settled, that when, as in this case, there is a devise and bequest directly to several ; and the period of division or distribution is postponed, the devisees and legatees take and hold as tenants in common, until the period of distribution and division.—*Chighozola v. Le Baron*, 21 Ala. 406.

3. The statute declares, that an execution may be levied on real property, to which the defendant has a perfect equity, having paid the purchase-money, or in which he has a vested legal interest, in possession, reversion, or remainder, whether he has the entire estate, or is entitled to it in common with others.—Code of 1876, § 3209. The contention of the appellant, that by the sale under execution against her, of her estate in the lands, at which the appellee became the purchaser, he acquired no title, and that the sale was void, because her estate was not subject to execution, cannot

[Hill v. Jones.]

therefore be sustained. By the express words of the statute, the estate in lands of a tenant in common, when it is a vested legal estate, is subject to execution. The purchaser of lands at execution sale acquires only the estate of the defendant in execution, except when, by virtue of the statute, he is entitled to protection against outstanding equities, incumbrances, or alienations, of which he has no notice. Whatever charges, or liabilities, or burdens rest upon the estate, lawfully created, continue, and the estate remains subject to them.

4. It is unnecessary to consider the effect of the decree rendered by Chancellor JOHN, in 1864, in the suit by the trustee, Little, to which Mrs. Hill and her daughter, were parties. Whether it charged upon the estate of Mrs. Hill a lien for the one half of the expenses of the education of the daughter, and its validity, seem to have been perplexing questions in the Court of Chancery. Whether the decree is valid, and declares a lien, is not material. The origin and source of Mrs. Hill's estate is the will of her husband, of which all purchasers from her, and all who succeeded to her estate by purchase at judicial sales, were bound to take notice. By that will, a charge on the whole estate, for the education of the daughter, was created; and to it the estate of Mrs. Hill remained liable, notwithstanding the appellee succeeded to it by the purchase at sheriff's sale. The enforcement of this charge is one of the features which imparts equity to the bill, as its enforcement lies exclusively within the jurisdiction of a court of equity. The chancellor was of the opinion, that the charge would be satisfied, by dividing the rents between the daughter and the appellee, requiring the appellee to contribute one half of the share received by him to the education of the daughter. This is an error pervading the whole proceedings in the Court of Chancery. The charge of the education of the daughter, as directed in the will, rests upon the whole estate, in priority to the right of the mother to participate in the rents and profits; and it must be satisfied, before the appellee can claim any part of them; otherwise, the expressed intentions of the testator would be defeated. There should have been directed a reference to the register, to ascertain a just and reasonable allowance for the education of the daughter, to which the rents should be applied, first making a deduction of all taxes paid, and the costs of all necessary repairs. It is, however, an allowance for education only, which can be made; the expenses of tuition, board, if that was proper as an incident, and other usual and necessary incidental expenses. When this allowance is made, if there be any

[Minniece v. Jeter.]

surplus of the rents, it should be divided equally between the daughter and the appellant.

5. We find no evidence in the record, which would justify a charge against the appellee for any rents other than such as he is shown to have received. Nor do we dwell upon that feature of the bill, impeaching him for waste. There does not seem to have been any such negligence in the failure of the appellee to derive rent from the premises, as would authorize a charge against him, if he were an express trustee, and, of consequence, there was no ground upon which to fix a liability upon him as a mere constructive trustee.

6. A vendee of a tenant in common is entitled to a partition. *Stewart's Appeal*, 56 Penn. St. 241. But the right to partition, in this case, depends upon the inquiry, whether it can be had without violating the will of the testator. It was competent for him to fix the time at which there should be a severance of the interests of the mother and daughter; and having appointed it, the courts cannot appoint another and different time. The will limits the division of the estate to the marriage of the daughter, or of the mother, and requires, until the happening of that event, the estate, to employ its own words, *shall be kept together*. That event not having happened, and mother and daughter being in life, the cross-bill for partition was premature, and should have been dismissed.

The result is, the decree of the chancellor on the original bill must be reversed, and the cause remanded for further proceedings in conformity to this opinion. The decree on the cross-bill bill must be reversed, and a decree here rendered dismissing it at the costs of the appellee.