(96 South. 71)

### McWHORTER et al. v. COX et al.
#### (8 Div. 482.)

(Supreme Court of Alabama. April 12, 1923.)

1. **Partition ☞63(1)—Each grantee presumed to have paid equal share of price in absence of averment and proof of how much was paid by each.**

In an action for partition, the court, in the absence of averment and proof as to how much of the consideration was paid by each of the two grantees to whom the land had been conveyed by deed of purchase reciting a cash consideration, will presume that each paid an equal amount of the purchase price and that each is equally interested in the land.

2. **Deeds ☞132—Under deed conveying land to two grantees for life with remainder to their heirs, the heirs of grantee dying were entitled to possession of their half interest.**

Where land was conveyed to two grantees "during their natural lives and after their decease to their heirs at law in fee simple," the heirs of a grantee given a life estate took the fee of an undivided one-half interest in the land on the death of such grantee during lifetime of other grantee and was entitled on the death of their ancestor to the immediate possession thereof, under Code 1907, § 3403; the right to possession not being postponed until death of both life tenants.

3. **Descent and distribution ☞11—Life estates ☞23—Rights of life tenants' heirs, under deed conveying life estate to two grantees with remainder to their heirs, on death of one life tenant during lifetime of other, stated.**

Where deed conveyed land to two named grantees for life with remainder to their heirs at law in fee simple, and each of the life tenants conveyed his life interest in different portions of the property to the other, the children of one of the named grantees, a married woman, on her death during lifetime of other, became owners in fee of an undivided one-half interest in all the land, with a right after death of their father to the life estate of other named grantee conveyed to their mother by other grantee, should other grantee survive the father, under Code 1907, §§ 3404, 3765.

4. **Partition ☞12(5)—Heirs of life tenant who acquired remainder on his death in undivided one-half interest of property entitled to partition during lifetime of other life tenant.**

Where deed conveyed land to two grantees for life with remainder to their heirs, the heirs of one of the life tenants on her death during lifetime of other, who by reason of such death became owners of an undivided one-half interest in the land, were entitled to a partition of the property or to a sale for such purpose if the land was incapable of equitable partition, under Code 1907, § 5231, since the court in the event of a sale could protect the interests of the other life tenant and his heirs as remaindermen by loaning the money and paying the interest to life tenant during his life and preserving the principal for his heirs at his death.

5. **Partition ☞12(5)—Remaindermen heirs of one life tenant entitled to partition on such life tenant's death during lifetime of other life tenant, though other life tenant had sold parts of land.**

Where deed conveyed land to two grantees for life with remainder to their heirs, and one of the life tenants sold parts of the land to third persons, the heirs of the other life tenant on her death during the lifetime of the first, having on such death become owners of an undivided one-half interest in the land, were entitled to partition or to a sale of the land if it could not be equitably partitioned, since the third persons merely acquired a life estate for the life of life tenant who sold them the land,

and the court, in the event of a sale, could protect their interests by providing for the sale of the land of each separately and keep one-half of the proceeds and pay interest thereon to the third persons and the principal, on death of life tenant who sold them the land, to the heirs of such life tenant.

### 6. Partition ⊜⟶46(1)—Owner of life estate in land held a necessary party.

Where deed conveyed land to two named persons for life with remainder over to their heirs and the life tenants thereafter conveyed to each other their life estates in different portions of the land, the husband of one of the life tenants acquired on the death of his wife the life estate conveyed to his wife by other life tenant, and should therefore have been made a party to partition suit by the children of deceased life tenant against the other life tenant and his heirs.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill of Herman McWhorter and others, by their next friend, John H. McWhorter, against Boyd Cox and others. From the decree rendered, complainants appeal. Reversed, rendered, and remanded.

Jno. A. Lusk & Son, of Guntersville, for appellants.

The conveyance by Bettie Cox McWhorter to Boyd Cox of her interest in the farm lands, and the conveyance by Boyd Cox to the defendants, could not cut off or defeat the interest of the heirs of Bettie Cox. Code 1907, §§ 3398, 3405, 3406, 3420. Complainants, as owners of one-half interest in all the lands in fee simple, are entitled to partition, if the lands are capable of division, or, if not capable of division, to a sale for that purpose, although the heirs of Boyd Cox cannot be ascertained until his death. Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; McQueen v. Turner, 91 Ala. 273, 8 South. 863; Jordan v. Walker, 201 Ala. 248, 77 South. 838. Upon the death of each of the life tenants, their children, respectively, took the fee of an undivided half interest, and were thereby entitled to possession. Gindrat v. West. Ry., 96 Ala. 162, 11 South. 374, 19 L. R. A. 839; 2 Blackstone, 181; 1 Tiffany on R. P. 371; Varn v. Varn, 32 S. C. 77, 10 S. E. 829; Smaw v. Young, 109 Ala. 528, 20 South. 370. The deed by Thomas A. Cox to his two children invested each of them with an undivided one-half interest in the property for and during their natural lives, respectively. Code 1907, § 3403; McQueen v. Logan, 80 Ala. 304; Wilson v. Alston, 122 Ala. 630, 25 South. 225.

Street & Bradford and Rayburn, Wright & Rayburn, all of Guntersville, for appellees.

By the deed from Thomas A. Cox, his grantees took in fee simple. Code 1907, § 3396. But, if it be held that the deed conveyed only a life estate to Boyd and Bettie Cox, they were joint owners during the life of each, and on the death of one the other holds a life estate in the whole of the property, terminating on the death of the survivor. 21 C. J. 969; Flagg v. Badger, 58 Me. 258; Kenney v. Wentworth, 77 Me. 203; Arceneaux v. Bernard, 10 La. 246. The complainants being remaindermen only, there is no tenancy in common between them and the holders of a particular estate, and they cannot compel partition. Fies v. Rossen, 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; Nichols v. Nichols, 28 Vt. 228, 67 Am. Dec. 699; Savage v. Savage, 19 Or. 112, 23 Pac. 890, 20 Am. St. Rep. 795; 4 Kent's Comm. 199; Kelly v. Deegan, 111 Ala. 152, 20 South. 378. Where a grant is to the heirs of several persons, they take per capita, and not per stirpes. 2 Jarman on Wills (6th Ed.) 205; Taylor v. Cribbs, 174 Ala. 217, 56 South. 952; Gold v. Judson, 21 Conn. 616.

MILLER, J. Herman McWhorter and others, minor children of Bettie Cox McWhorter, deceased, by their next friend, John H. McWhorter (their father), filed this suit in equity against Boyd Cox and his children and others. They seek by the bill of complaint a partition of a farm containing 245 acres, and two town lots in Guntersville, among the joint owners or tenants in common (the complainants and defendants); or a sale of it for division among them if a division by metes and bounds is inequitable or impracticable.

The defendants demurred to the bill. The demurrers were sustained by the court as to the 245 acres of land, and overruled as to the town lots. This appeal is prosecuted therefrom by the complainants, and it is the error assigned.

Thomas A. Cox, the father of Bettie Cox McWhorter and Boyd Cox, for a cash consideration of $2,000 recited in the deed from them to him, paid, sold, and conveyed to them the 245 acres of farm land and lots numbered 4 and 5 in block D in Guntersville, described in the complaint. The granting clause of this deed sells and conveys to the parties of the second part (Bettie and Boyd Cox), and then uses these words:

"For and during their natural lives and from and after" their decease to their heirs at law, the following described real estate."

The habendum clause contains these words:

"To have and to hold unto said parties of the second part for and during their natural lives and after their decease to their heirs at law in fee simple."

[1, 2] This is a deed of purchase. The grantees paid the grantor $2,000 cash. It conveys to them the land "during their natural lives." There is no averment and no proof as to the interest of each, as to how much of the $2,000 cash consideration each

grantee paid the grantor; and in the absence of averment and proof, the court will presume each paid an equal amount of the purchase price, and that each is equally interested in the land. Walthall v. Goree, 36 Ala. 728; Long v. McDougald, 23 Ala. 413; Whitlow v. Echols, 78 Ala. 206. The deed also conveyed "after their decease to their heirs at law in fee simple." And from this it is evident, as it was a joint and equal purchase and payment for the land by the grantees, that it was intended that the respective heirs of each would be invested at their respective deaths with their respective interests in the property in fee simple. Gindrat v. West. Ry. of Ala., 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; Long v. McDougald, 23 Ala. 413. It is also evident from this deed Thomas A. Cox intended to and did convey to Bettie Cox and Boyd Cox, his two children, and each thereby became invested with an undivided one-half interest in all the real estate described therein, for and during their natural lives, and on the death of either, his or her heirs became entitled to immediate possession of the one-half interest in which their ancestor had a life interest. The right to the possession of the half interest in the land of either Bettie or Boyd Cox by the heirs of either was not limited to death of both Bettie and Boyd Cox, but is limited to the death of their respective ancestor. Upon the death of each life tenant their children, respectively, took the fee of an undivided one-half interest in the land. This was clearly decided by this court in the construction given similar words in an instrument in Gindrat v. West. Ry., 96 Ala. 162, headnote 2, 11 South. 372, 19 L. R. A. 839; section 3403, Code 1907, which is the same as section 1025 of the 1896 Code; McQueen v. Logan, 80 Ala. 304; Wilson v. Alston, 122 Ala. 630, 25 South. 225. It was intended by this deed that on the death of either of the life tenants, Bettie or Boyd Cox, their respective children would take the fee of an undivided one-half interest in the land and lots, and would be entitled to the possession of it, on the death of their ancestor. Gindrat v. West. Ry., 96 Ala. 162, 11 South. 372, 19 L. R. A. 839.

Bettie Cox, who married John H. McWhorter, died intestate on November 22, 1921, and left surviving her husband and five children; these five children being the complainants in this cause. They each now own in fee simple an undivided one-fifth of an undivided one-half interest in the real estate described in and conveyed by the deed of Thomas A. Cox to Bettie Cox and Boyd Cox, hereintofore mentioned, and are entitled to possession of it. Gindrat v. West. Ry., 96 Ala. 162, 11 South. 372, 19 L. R. A. 839.

[3] Boyd Cox on February 9, 1905, for $1,000 cash, sold and conveyed by deed to Bettie Cox McWhorter, his sister, all of his interest in and title to lots numbered 4 and 5 of block D in Guntersville; and on the same date, for $1,000 cash, Bettie Cox McWhorter and her husband sold and conveyed by deed to Boyd Cox, her brother, all of her interest in and title to the farm lands (245 acres). By these conveyances Boyd Cox became the owner of the life interest of Bettie Cox McWhorter in an undivided one-half interest in the 245 acres of land, and Bettie Cox McWhorter became the owner of Boyd Cox's life interest in and to an undivided one-half interest in the town property. At the death of Bettie Cox McWhorter, which occurred November 22, 1921, her life interest in both tracts of land terminated. Upon her death her children, the complainants, became the owners in fee simple, with right of possession, of an undivided one-half interest in the 245 acres and also in the town lots. At her death she also owned the life interest of Boyd Cox in an undivided one-half interest in the town lots. This life interest of Boyd Cox in the town lots descended to her husband, John H. McWhorter, during his life, and then to her children during the life of Boyd Cox should he survive John H. McWhorter. Section 3765, Code 1907, and section 3404, Code 1907.

[4] The complainants, children of Bettie Cox McWhorter, deceased, own an undivided one-half interest in fee simple in all of the real estate, city or town lots, and the farm consisting of 245 acres; and they also own an interest in the life interest of Boyd Cox in an undivided one-half interest in the town property after the death of John H. McWhorter, their father, should Boyd Cox survive John H. McWhorter. The heirs of Boyd Cox, at his death, will own a fee-simple title to an undivided one-half interest in all of this property. It is true the heirs of Boyd Cox cannot be ascertained until his death; but the complainants as owners of the other undivided one-half interest in all the lands, town, and acreage, in fee simple, with right to possession, are entitled to a partition of the property if the lands can be equitably partitioned; and if incapable of equitable partition, then to a sale of the property for that purpose. The life tenant and remainderman's interest in the other half interest, whether the reversioners are persons not in esse or infants or adults, can be bound and protected by the decree. McQueen v. Turner, 91 Ala. 273, 8 South. 863; Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53. If the property is sold, the part of the proceeds belonging to complainants can be paid to them, if of age, or their guardian if minors. The interest of the life tenant, Boyd Cox, in the 245 acres, and the interest of his seven living children, now parties, and those not in esse, can be protected in their reversionary interest in the 245 acres and in the town lots by the court loaning out the money, paying the interest on it to Boyd Cox during his life and the other respective owners (as their interest may ap-

pear) of his life interest in it, and preserving all the principal for his heirs at his death.

[5] The bill also avers and shows that Boyd Cox has sold and conveyed to different persons some parts of this 245-acre tract. These grantees are also named as parties defendant. They each own during the life of Boyd Cox his life interest in an undivided one-half of that part of the 245 acres conveyed by him to each of these grantees, respectively. The interest of each of these grantees can be bound and protected also by the decree. If the land cannot be equitably partitioned, then, if sold for division, the land in each of the conveyances can be sold separately from the rest of the land—one-half of the different proceeds of sales of the different parts paid to complainants, and the other half loaned out by the court, and the interest paid annually on the different amounts to the respective owners of the life interest therein, and the principal preserved from all of it for the heirs of Boyd Cox. Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; McQueen v. Turner, 91 Ala. 273, 8 South. 863; Jordan v. Walker, 201 Ala. 248, 77 South. 838.

[6] John H. McWhorter, husband of Bettie Cox McWhorter, deceased, is not a party personally to this suit. He should be. He brings this suit as next friend for the heirs —all minors—of Bettie Cox McWhorter. It appears in the bill that he is personally interested; that he owns during his life the life interest of Boyd Cox, should said Cox survive him, in an undivided one-half interest in the lots numbered 4 and 5 in block D in Guntersville. We do not find where this is pointed out by the demurrers.

There is equity in the bill. The complainants are joint owners or tenants in common in the land and lots; they own in fee simple and are entitled to possession of an undivided one-half interest in all of the property; they are entitled to have the property partitioned as a matter of right, and if it cannot be equitably partitioned among the joint owners, then they are entitled to have it sold for that purpose. Section 5231, Code 1907; Fitts v. Craddock, 144 Ala. 437, 39 South. 506, 113 Am. St. Rep. 53; McQueen v. Turner, 91 Ala. 273, 8 South. 863; Jordan v. Walker, 201 Ala. 248, 77 South. 838; Tolley v. Hamilton, 206 Ala. 634, 91 South. 610; Gindrat v. West. Ry., 96 Ala. 162, 11 South. 372, 19 L. R. A. 839.

The demurrers to the bill of complaint should have been overruled by the court. The decree will be reversed, and one will be here rendered overruling the demurrers, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.