173 So. 10

**KIRKLAND v. MAY.**

**3 Div. 189.**

Supreme Court of Alabama.

Jan. 21, 1937.

Rehearing Denied March 18, 1937.

Walton H. Hill and Hill, Hill, Whiting & Rives, all of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

FOSTER, Justice.

This bill is filed by the owners of an interest in real estate whose title is controlled by the terms of the will of Julius B. Gay, deceased. The equity is dependent upon the asserted right to have a sale for division. Incidental to that right, it is sought to have a construction of the will. Complainant shows no right to have the will construed, except to determine whether she has a right to a sale for division. If no such right exists, no further relief is shown by the bill to be available.

The second paragraph of the will undertakes to "give and bequeath to my two daughters Minnie L. Gay and Frances J. Gay" the property in question. The seventh paragraph is as follows: "It is my wish that my two daughters have their part kept in trust for their own separate use by my executors or such other person appointed by the proper court and their part is to be free from the control or disposition of any husband they may marry so long as they may live, and at their death then to their children and if they should die without children or descendants of children living then such portion as I have bequeathed shall become the property of my other children equally divided among those that are living. It is my wish that if either of my six children die without issue or descendants their portion shall be equally divided among those that are living."

The ninth paragraph is as follows: "If it be desirable to sell any of the real estate or bank stock or gas stock or insurance stock named in this instrument for a better investment the same shall be done and the fact mentioned in re-receiving the conveyance so as to prevent fraud. All the property I have named in this instrument is in Montgomery County, Ala."

The fourteenth paragraph is as follows: "My wish is if any piece of property is sold the funds will go into other like property and the title vest in the heir to whom it is donated subject to the conditions named in section seventh, if said donations be one of my daughters, my executors will reinvest when such funds are collected."

The bill alleges that Minnie L. Gay is dead and left children, and that complainant has acquired their interest, and therefore that she owns an undivided one-half interest; that Frances J. Gay is the wife of Dr. Olin Kirkland, and is one of the respondents and has no children, and is about 58 years of age.

The alleged uncertainty is with respect to the ownership of the remainder after the death of Mrs. Kirkland. There is no uncertainty alleged in respect to the title which complainant owns. So that, we repeat, the complainant does not show a right to have the court determine the status of the remainder in Mrs. Kirkland's share, unless it has the right to sell the property for division. Section 9331, Code.

The circuit court overruled demurrers filed by Mrs. Kirkland to the bill, and she appeals. She claims on appeal that, by reason of the trust provided in the will, no such sale is within the power of the court, not invoked by the trustee under the trust, and that the same result follows when the will either expressly or impliedly provides that the property shall be kept together for some reasonable and definite period, until the expiration of that period.

The bill as amended alleges that there has been no trustee who asserted the right so conferred since January, 1923, and that on August 6, 1923, the circuit court made an order that there was no further need of a trustee.

Regardless of whether the trust was without active duties, and not effective for that reason, and of the effect of the decree of the circuit court that there was no further need of a trust, the provisions of the will in that respect are clear that the testator intended to create a trust for the time so declared.

When the will, rightly interpreted, means to provide that a division between the devisees of the property is postponed until the happening of a designated contingency reasonably related to a proper purpose to be accomplished and for a period which is also reasonable when so considered, the restriction is not an unlawful restraint upon its ownership, and is within the competency of the testator, when expressly or impliedly so provided. Hill v. Jones, 65 Ala. 214; 7 Corpus Juris, 320, § 127; 85 A. L.R. 1322; Reid v. Armistead, 228 Ala. 75, 151 So. 874; Section 6921, Code.

So that the right of complainant to a sale for division is dependent upon whether the will imposes, expressly or impliedly, such a restriction as we have described upon a division of the property in

question. Section 7 makes it clear that each daughter is to have only a life estate, and shows an intention to create a trust for the property to continue as long as either daughter shall live. Section 9 shows that a sale of it may be desirable. That evidently means before both daughters shall die. But section 14 is that, in that event, the proceeds *shall be reinvested in other like property,* and the title taken as provided in section 7. This has no application after both daughters die. It clearly is not a condition upon the remainder. But it is a condition as long as either is alive, and fixes the purpose for which the property may be sold during that period. That is for reinvestment. It is not the purpose of this bill to sell for reinvestment. A sale for division is inconsistent with a reinvestment.

We think the will means that, as long as either daughter is alive, the property so devised, or that into which the proceeds of its sale shall be reinvested, shall be held intact for the joint benefit of the devisees or their successors in interest. After the death of both devisees, there appears no purpose to hold it together.

The result is that, in our opinion, the demurrer to the bill should have been sustained. It is so ordered.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.