195 So. 435

**McWHORTER et al. v. COX et al.**

**8 Div. 12.**

Supreme Court of Alabama.

April 11, 1940.

Claud D. Scruggs and Wm. C. Rayburn, both of Guntersville, for appellants.

442

Oliver D. Street, Sr., of Guntersville, appearing as amicus curiae, and at request of court below and register in chancery, and in behalf of unknown persons who may be interested in fund sought to be distributed.

BROWN, Justice.

This case was here on appeal from an interlocutory decree of the circuit court sustaining the demurrers of the then defendants to the original bill, filed December 19, 1921, by the then complainants as joint owners or tenants in common against their co-joint owners for a sale of the lands for division and distribution of the proceeds among the joint owners. McWhorter et al. v. Cox et al., 209 Ala. 233, 96 So. 71.

The property consisted of farm lands and city property and the proceedings eventuated in a decree of sale, December 4, 1924.

The property was sold under the decree of the court for the sum of $15,005, which was reduced by $2,013.52 in costs and expenses incident to the sale. The circuit court, by decretal order, referred to the register the matter of ascertaining the interest of the parties in said funds.

The register made and filed his report, finding:

"I. That the Complainants, *as the children and heirs at law* of Bettie McWhorter, have an undivided one half interest in fee in and to all of the real estate described in the bill. These complainants taking this interest as remaindermen after the death of Bettie McWhorter which occurred before the filling [filing] of the bill, giving them the fee simple title thereto.

"II. That John H. McWhorter has a life estate, for the life of Boyd Cox, in and to one half of the town property as described in the bill, being held by him by reason of a conveyance by Boyd Cox to Bettie McWhorter conveying to her his (Boyd Cox's) estate for and during his own life and by reason of her death intestate, the said John H. McWhorter has a life estate in and to an undivided one half interest in said Town property for and during the life of Boyd Cox, after deducting from said $7000.00 7/13 of the costs and expenses attendant upon this proceeding.

"III. That after the falling in of said life estate of Boyd Cox in said Town Property and Farm Property *the children* of said Boyd Cox being remaindermen will have an estate in fee in said one-half of said town property.

"IV. That Mrs. Effie Church and her several children named as defendants in the original bill, have an estate for and during the life time of Boyd Cox in and to an undivided one-half interest in and to the SW 1/4 of the SE 1/4 of Section 21 Township 8 Range 3 East as described in the original bill—having derived the title thereto by conveyance from Boyd Cox to others and by mesne conveyances.

"V. That James H. Lafarlette named as defendant in the original bill has an estate for and during the life time of Boyd Cox in and to an undivided one-half interest in and to the NE 1/4 of NW 1/4 and 30 acres off of the North side of NW 1/4 of NW 1/4 of Section 28 and also the N1/2 of NE 1/4 of NE 1/4 of Section 29, all in Township 8 Range 3 East in Marshall County as described in the original bill—having derived his titled [title] from Boyd Cox through mesne conveyances.

"VI. That Minnie Cox named as a defendant in the original bill has an estate fro [for] and during the life time of Boyd Cox in and to an undivided one-half interest in and to the S1/2 of the NE 1/4 of the NE 1/4 and the SE 1/4 of the NE 1/4 of Section 29 and all of the S1/2 of the NW 1/4 of Section 28 lying West and North of Bog Spring Creek, all lying and being in Township 8 Range 3 East in Marshall County Alabama, as described in the original bill—having derived her title from Boyd Cox through mesne conveyances.

"VII. That *the children of Boyd Cox on his death will be entitled to an undivided* interest in fee in and to an undivided one-half interest in and to all the property described in the original bill both farm and town property and attaching to the proceeds of said sale as reported." [Italics supplied.]

The register, as the court's decree authorized, ascertained the interest of each and all the parties in the balance of the proceeds of the sale; after deducting the costs and expenses of the proceedings, to the effect in each instance of giving to the respective life tenants the right to the use and enjoyment of the funds created by the sale of their interests, with the ultimate ownerships, at the death of Boyd Cox, in *"the children of Boyd Cox."* [Italics supplied.]

This report was duly confirmed by decree entered on April 20, 1925. In this decree the court earmarked the several funds, other than such as was allowed to the complainants in the original bill, in payment of purchase money, and set up a trust for each group, directing: "That the Register will keep and preserve the said sums of money by the purchase of Liberty Bonds or other bonds of the United States Government or by depositing them in some good and solvent bank on time deposits drawing interest payable every six months in such manner and condition that each separate part thereof may be withdrawn and otherwise disposed of as the Court may direct by keeping each as above set out in the name of each life tenant, as: 'Minnie Cox Fund' 'John H. McWhorter Fund,' 'Effie Church Fund,' 'J. H. LaFarlette Fund' and that on the proper application or petition of the parties interested therein the same may be reinvested for the benefit of the life tenants therein and the remaindermen as the Court may direct or loaned on good real estate for a period of time on the approval of the Court."

The cause was retained on the docket and the register was required by the decree to "report in writing at each term * * * his proceedings" in respect to said funds.

The court, on submission on pleadings and proof for final decree, dismissed the petition on the ground that by previous decree the court had ordered that the register of said court, and the petitioning minors, who sue by next friend, be made parties defendant; and petitioners had failed to comply with that order.

The register, so far as appears from the record, has no pecuniary interest or property right in the funds. The trust was created by the court ex mero motu and has been supervised and administered by the court, the register acting in respect thereto as the agent and arm of the court. Shelley v. Thomas, 232 Ala. 227, 167 So. 316.

The case has been retained on the docket for fifteen years and unless some insuperable cause exists why it can not be accomplished the parties are entitled to a

decree terminating the trust and ordering a distribution of the property to those justly entitled to its use and enjoyment—that was the purpose of the original bill.

■ The parties have agreed among themselves, the three minor children acting with the approval of their parents, as to their respective interest and have petitioned the court to ratify and confirm the agreement of settlement, and a court of equity, when its jurisdiction is properly invoked, has jurisdiction and power to ratify the settlement on the part of the minors, and should do so where it is to their best interest. McCreary et al. v. Billing et al., 176 Ala. 314, 58 So. 311, Ann. Cas.1915A, 561; Rivers v. Durr, 46 Ala. 418; First Nat. Bank of Oneonta et al. v. Robertson, 220 Ala. 654, 127 So. 221; Warren v. Southall, 224 Ala. 653, 141 So. 632.

■ ■ It is contended in the amicus curiae brief, filed by the Honorable Oliver D. Street, a member of the bar of this court, that the minors, although they sue by their next friend, should be made parties defendant to the petition, and a guardian ad litem appointed to represent them. This contention is answered by the authority cited in the brief. "If a bill be filed relative to an infant's estate or person, the court acquires jurisdiction, and the infant, whether *plaintiff or defendant,* * * * immediately becomes a ward of the court." [Italics supplied.] Rivers v. Durr, supra; Sims on Chancery Practice, p. 40, §§ 63, 64.

The last cited authority states the rule as follows: "No order of court is necessary admitting a guardian or next friend to file the suit in behalf of the infant. But the court may revoke the authority of the next friend to sue, and substitute another person to act as next friend, if another next friend, a near relative, or the general guardian of the infant should show to the court, upon an inquiry instituted upon their application, that the suit was in fact not to the interest of the infant, or that the person suing as next friend was an improper person to sue for him. But until the court so removes the next friend, his authority is presumed, and the fact that the infant has not requested him to act for him is not ground to attack the decree or to move to dismiss the bill." Sims on Chancery Practice, § 64; Barwick Adm'r v. Rackley pro ami, 45 Ala. 215.

■ The amicus curiae seems much disturbed about the moral aspect of the sur-gical operation performed on Boyd Cox which rendered him impotent at the age of fifty-two. We are concerned only about its result not its moral aspect. However, the evidence shows that the operation was performed on competent medical advice, with the consent of said Cox to relieve suffering from chronic prostate trouble, and was successful, and that its effect is to incapacitate said Cox from begetting children. The evidence is also without dispute that the wife, Minnie Cox, has passed the child-bearing age. So if the right to take as remaindermen is limited to the children of said Cox, the interest of the parties in the funds, the subject matter of this proceeding, is easily ascertainable.

■ It is further contended that the language used in the deed creating the remainder, are words of purchase and not inheritance, vesting the remainder in the heirs at law of said Boyd Cox in esse at the time of his death, and that prospective remaindermen should be represented in this proceeding.

That question, so far as the trust fund involved is concerned, is concluded by the decree of the circuit court interpreting the deed in the decree setting up the trust, limiting the right to take to the children of said Cox, and the decree is fully supported by the opinion of this court on the first appeal, from which we quote: "It was intended by this deed that on the death of either of the life tenants, Bettie or Boyd Cox, their respective children would take the fee of an undivided one-half interest in the land and lots, and would be entitled to the possession of it, on the death of their ancestor." McWhorter v. Cox, supra [209 Ala. 233, 96 So. 72].

■ The evidence shows that one of the children of Boyd Cox died in infancy at the age of seven months. Its interest in the property vested on its birth and passed at its death to the mother and father in equal parts—Boyd and Minnie Cox—who are parties to the proceedings before the court. Code 1923, § 7365.

■ The relief to which the parties were entitled under the decree of sale—a distribution of the proceeds—has been long delayed, and the evidence satisfies us that it is to the best interest of the minors that the agreement of settlement be confirmed and that the trust be terminated and the funds be distributed to the

respective parties as their interests now appear.

To this end the decree of the circuit court, in equity, is reversed and one here rendered.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.