4 So.2d 176

**HEDRICKS v. BEAM et al.**

7 Div. 661.

Supreme Court of Alabama.

Oct. 9, 1941.

Roy M. Woolf, of Anniston, for appellant.

Scruggs & Creel and T. Harvey Wright, all of Guntersville, for appellees.

**LIVINGSTON, Justice.**

The bill of complaint in this cause seeks a sale for division among joint owners of certain real estate situated in Calhoun County, Alabama.

By virtue of the agreement between the parties to the effect that the averments of the bill and the answers of the respondents were proven on the trial of the cause in the court below, the following facts are admitted: The real estate involved cannot be equitably divided in kind or partitioned among the joint owners without a sale of the same and a division of the proceeds.

On October 13, 1933, J. E. Allen was the owner of certain real estate situated in Marshall County, Alabama. On that date he conveyed certain interests in that land to his four children and two grandchildren. Subsequent to October 13, 1933, the Marshall County lands were sold (through proceedings which were apparently not here material), and the proceeds of the sale invested in real estate situated in Calhoun County, purchased from respondent the Volunteer State Life Insurance Company, a corporation, on December 4, 1937, which is the real estate here involved.

The deed from The Volunteer State Life Insurance Company recites:

"Know All Men By These Presents: That the Volunteer State Life Insurance Company, a corporation of Chattanooga, Tennessee, for and in consideration of the sum of Fourteen Thousand, Seven Hundred, Fifty and No/100 ($14,750.00) Dollars in hand paid, and to be paid as herein stated, do hereby grant, bargain, sell and convey to Jesse E. Allen, a life estate with the right to the possession and control of said lands herein described for and during his natural life and also an undivided one-fifth (⅕) interest to each of the following parties, to-wit: Lucy Allen Beam, Ruth Allen Gurley, Dora Allen and Arrieseal Allen Vaughn, for and during their natural lives, subject to the life interest of Jesse E. Allen as herein stated, and also an undivided one-tenth (1/10) interest to each of the following named parties to-wit: Maurice Goble and Annie Sue Goble, for and during their natural lives, subject to the life interest of Jesse E. Allen as herein stated, in and to that certain tract or parcel of land situated in Calhoun County, Alabama, and which said land is particularly described as follows." (Here follows a description of the land involved in this cause.)

The deed further recites:

"It being the true intent and purpose of this deed of conveyance to convey to each of the grantees herein named the same interests that they had and held in and to the farm situated in Marshall County, Alabama, and known as the Jesse E. Allen farm or Hodges farm and which farm was sold for reinvestment, and which funds derived from the sale of the Marshall County farm are being reinvested in the land herein described being a farm consisting of six hundred, forty-one (641) acres and situated in Calhoun County, Alabama.

"The interests of said grantees in the Marshall County land are shown by a deed executed by J. E. Allen dated October 13, 1933 conveying certain interests in the land to his children and grandchildren and their heirs and assigns, which deed is here referred to to make clear the interests that are being conveyed to the grantees in this conveyance.

"It is further understood and agreed as a part of the contract of this conveyance

that Thirteen Thousand ($13,000) Dollars of the purchase price of the land above described are to be paid down in cash and Seventeen Hundred, Fifty ($1750) Dollars of the purchase price are to be a deferred payment and the payment of this deferred amount of the purchase price is to be spread over a period of fifteen years and the said J. E. Allen is to have the authority and is to execute a mortgage on the whole of the land and the whole of the interests in the land herein described for the sum of $1750 and this mortgage is to be a first lien on the whole of the land herein conveyed and described and said lien is to be in the nature of a vendor's lien with the added authority given in the mortgage securing said $1750.00.

"To Have And To Hold, unto the said Jesse E. Allen, a life interest in said land together with the right of possession and control of said land for and during his natural life, and after the death of said Jesse E. Allen, Lucy Allen Beam, Ruth Allen Gurley, Dora Allen and Arrieseal Allen Vaughn, each have and own a one-fifth (⅕) undivided interest in said above described land for and during their natural lives and the said Maurice Goble and Annie Sue Goble each have a one-tenth (3/10) undivided interest in said land after the death of the said Jesse E. Allen for and during their natural lives with remainder to their heirs and assigns forever.

*"This conveyance is made upon the further condition and for the consideration as above stated that said land shall not be sold for division among the grantees and their heirs until the death of the last surviving life tenant."* (Italics supplied.)

Jesse E. Allen died on July 14, 1939. Arrieseal Allen Vaughn died September 28, 1939. This suit was instituted by Lucy Allen Beam and Ruth Allen Gurley, both adults, and Maurice Goble and Annie Sue Goble, suing by next friends, against Dora Hedricks (referred to in the deed as Dora Allen), and the Volunteer State Life Insurance Company. The only interest of the respondent insurance company is the protection of its vendor's lien or mortgage. The respondent Dora Hedricks bases her resistance to the sale for division on the restriction set forth in the deed.

Clearly, the restriction concerning the sale of the land here involved for division is a restriction imposed in reality by the father, Jesse E. Allen, upon the interest conveyed in his children and grandchildren. Thus the validity of the above quoted provision or restriction is the sole question presented by this appeal.

Appellees insist that upon the death of Arrieseal Allen Vaughn, who left surviving her no children or husband, and Jesse E. Allen having died prior to her death, the one-fifth undivided interest held by her during her life became a vested fee simple estate in and to Lucy Beam, Ruth Gurley, Dora Hedricks, Maurice Goble and Annie Sue Goble, who are the heirs at law and next of kin of the said Arrieseal Allen Vaughn; that such an interest, in addition to that conveyed to them by the deed of the Volunteer State Life Insurance Company, was sufficient upon which to predicate a sale for division; and in support of such contention they cite the two cases of McWhorter v. Cox, et al., 209 Ala. 233, 96 So. 71, and Id., 239 Ala. 441, 195 So. 435.

However, those cases do not touch the question presented by the restriction or limitation found in the deed involved in the instant case.

■ Where, by the terms of the deed, the property conveyed is not to be divided or distributed before the happening of a designated contingency reasonably related to a proper purpose to be accomplished and for a period which is also reasonable when so considered, the restriction is not an unlawful restraint upon its ownership, and is within the competency of the grantor when so provided. Hill v. Jones, 65 Ala. 214; Smith v. Brasseale, 213 Ala. 387, 105 So. 199; Reid v. Armistead, 228 Ala. 75, 151 So. 874; Kirkland v. May, 233 Ala. 668, 173 So. 10; Code of 1940, Title 47, section 17; 47 Corpus Juris page 320, section 127; 85 A.L.R. 1322. So that the right of complainants to a sale for division is dependent upon whether the deed imposes such a restriction as we have described upon a division of the property in question.

■ The restriction means that as long as any of the children or grandchildren of Jesse E. Allen, named in the deed, are alive the property granted shall be held intact for the joint benefit of the grantees or their successors in interest, and in all respects meet the requirements of the foregoing rule. Subsequent events which make partition desirable are not sufficient to overcome the legal principles heretofore recognized as governing cases of this character.

The decree of the lower court ordered the lands sold for the purpose of a division. We feel constrained to hold that the decree was erroneous. It therefore results that such decree will be reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.